**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of _____
(State)

Case number (*If known*): _____ Chapter _____

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/24

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1. **Debtor's name**

   _____

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   _____
   _____
   _____
   _____
   _____

3. **Debtor's federal Employer Identification Number** (EIN)

   — — – — — — — — — — —

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | _____ <br> Number      Street | _____ <br> Number      Street |
   | _____ | _____ <br> P.O. Box |
   | Fort Worth <br> City          State    ZIP Code | _____ <br> City          State    ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | _____ <br> County | _____ <br> Number      Street |
   | | _____ |
   | | _____ <br> City          State    ZIP Code |

5. **Debtor's website** (URL)

   _____

Debtor _____     Case number (if known)_____
     Name

**6. Type of debtor**

❑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

❑ Partnership (excluding LLP)

❑ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))

❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

❑ Railroad (as defined in 11 U.S.C. § 101(44))

❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))

❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))

❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))

❑ None of the above

B. *Check all that apply:*

❑ Tax-exempt entity (as described in 26 U.S.C. § 501)

❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

___ ___ ___ ___

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

❑ Chapter 7

❑ Chapter 9

❑ Chapter 11. *Check all that apply*:

  ❑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

  ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

  ❑ A plan is being filed with this petition.

  ❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❑ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

❑ No

❑ Yes.  District _____ When _____ Case number _____
                               MM / DD / YYYY

       District _____ When _____ Case number _____
                               MM / DD / YYYY

Debtor _____    Case number (*if known*)_____
      Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

❑ No

❑ Yes.  Debtor _____    Relationship _____

      District _____    When   _____
                                                                                MM / DD / YYYY

      Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

❑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

❑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

❑ No

❑ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ❑ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

      What is the hazard? _____

    ❑ It needs to be physically secured or protected from the weather.

    ❑ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ❑ Other _____

    **Where is the property?**_____
                    Number       Street

                _____

                _____    _____ _____
                City                             State ZIP Code

    **Is the property insured?**

    ❑ No

    ❑ Yes. Insurance agency _____

             Contact name _____

             Phone _____

---

###   Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

❑ Funds will be available for distribution to unsecured creditors.

❑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ❑ 1-49 | ❑ 1,000-5,000 | ❑ 25,001-50,000 |
| ❑ 50-99 | ❑ 5,001-10,000 | ❑ 50,001-100,000 |
| ❑ 100-199 | ❑ 10,001-25,000 | ❑ More than 100,000 |
| ❑ 200-999 | | |

---

Debtor    Merit Street Media, Inc. _____    Case number (if known)_____
        Name

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☑ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☑ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    07/02/2025
    Signed by:  MM / DD / YYYY

✗ _Gary Broadbent_____    Gary Broadbent_____
    F09C309D529B445...
Signature of authorized representative of debtor    Printed name

Title    Chief Restructuring Officer_____

**18. Signature of attorney**

✗ /s/ Thomas R. Califano_____    Date    07/02/2025_____
Signature of attorney for debtor        MM / DD / YYYY

Thomas R. Califano_____
Printed name
Sidley Austin LLP_____
Firm name
2021    McKinney Avenue, Suite 2000_____
Number    Street
Dallas_____    TX    75201_____
City    State    ZIP Code

(214) 981-3300_____    Tom.Califano@Sidley.com_____
Contact phone    Email address

24122825_____    TX_____
Bar number    State

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MERIT STREET MEDIA, INC., [1] | Case No. 25-[●] ([●]) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Peteski Productions, Inc. | 1400 11th St, Wichita Falls, TX, 76301 | 66.5% |
| Trinity Broadcasting Network of Texas, Inc. | 13600 Heritage Parkway, Fort Worth, TX 76177 | 28.5% |
| SHG Partnership, LLC | 10061 Riverside Drive, #759, Los Angeles, CA 91602 | 5.0% |

---

[1] The last four digits of the Debtor's federal tax identification number is 8990.  The Debtor's mailing address is 5501 Alliance Gateway Fwy, Fort Worth, TX 76177.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MERIT STREET MEDIA, INC., [1] | Case No. 25-[●] ([●]) |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Holder | Percentage of Equity Held |
|---|---|
| Peteski Productions, Inc. | 66.5% |
| Trinity Broadcasting Network of Texas, Inc. | 28.5% |

---

[1] The last four digits of the Debtor's federal tax identification number is 8990.  The Debtor's mailing address is 5501 Alliance Gateway Fwy, Fort Worth, TX 76177.

<table>
<tr><td colspan="2">Fill in this information to Identify the case:</td><td></td></tr>
<tr><td colspan="2">Debtor Name:    Merit Street Media Inc.</td><td rowspan="3">☐ Check if this is an<br>amended filing</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:     District of Northern District of Texas</td></tr>
<tr><td colspan="2">Case Number (If known):</td></tr>
</table>

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1   DIRECTV<br>2260 E IMPERIAL HWY<br>EL SEGUNDO, CA  90245<br>UNITED STATES | CONTACT: MICHAEL HARTMAN<br>PHONE: 888-388-4249<br>MASHA.GAIDOUK@DIRECTV.COM | TRADE PAYABLE | | | | $1,680,000.00 |
| 2   MOUNTAIN BROADCASTING CORPORATION<br>21-31 CLINTON RD<br>WEST CALDWIN, NJ<br>UNITED STATES | PHONE: 973-852-0300<br>VICJOO@WMBCTV.COM | TRADE PAYABLE | | | | $1,353,917.67 |
| 3   OLY MEDIA LLC<br>477 S ROSEMARY AVE, STE 306<br>WEST PALM BEACH, FL  33401<br>UNITED STATES | PHONE: 561-684-5657<br>HELLO@OLY-MEDIA.COM | TRADE PAYABLE | | | | $1,288,807.61 |
| 4   KVMD TV LLC<br>2323 CORINTH AVE<br>LOS ANGELES, CA  90064<br>UNITED STATES | PHONE: 310-4780055<br>AMONTERO@KXLATV.COM | TRADE PAYABLE | | | | $936,000.00 |
| 5   DISH NETWORK<br>9601 S MERIDIAN BLVD<br>ENGLEWOOD, CO  80112<br>UNITED STATES | CONTACT: TIMOTHY A. MESSNER<br>PHONE: 303-723-2117<br>SCOTT.BOXLER@DISH.COM | TRADE PAYABLE | | | | $900,000.00 |
| 6   PETESKI PRODUCTIONS, INC.<br>4245 KEMP BLVD<br>STE 406<br>WICHITA FALLS, TX  76308<br>UNITED STATES | PHONE: 214-755-7133<br>BARBARA@GREENCHAIRPRODUCTIONS.COM | TRADE PAYABLE | | | | $700,000.00 |

Debtor: Merit Street Media Inc.                                      Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 GREENVILLE (KTXD-TX) INC 13619 INWOOD RD, STE 330 FARMERS BRANCH, TX 75244 UNITED STATES | PHONE: 469-941-4230 INFO@KTXDTV.COM | TRADE PAYABLE | | | | $675,000.00 |
| 8 MERCURY STUDIOS 4 PANCRAS SQUARE KINGS CROSS LONDON UNITED KINGDOM | CONTACT: ANDREA DUNN PHONE: 217-747-7464 ENQUIRIES@MERCURYSTUDIOS.CO | TRADE PAYABLE | | | | $500,000.00 |
| 9 ENTRAVISION COMMUNICATIONS CORPORATION 1 ESTRELLA WAY BURBANK, CA 91504 UNITED STATES | CONTACT: JEFF DEMARTINO PHONE: 310-447-3870 JLIBERMAN@ENTRAVISION.COM | TRADE PAYABLE | | | | $481,250.01 |
| 10 LANGLEY TELEVISION DISTRIBUTION, LLC 1111 BROADWAY SANTA MONICA, CA 90401 UNITED STATES | PHONE: 310-449-7118 TATYANA@COPS.COM | TRADE PAYABLE | | | | $471,250.00 |
| 11 STRYKER MEDIA 2 LLC 15200 SUNSET BLVD, STE 202 PACIFIC PALISADES, CA 90272 UNITED STATES | PHONE: 310-573-1600 EMMYZUNIGA@CNZCOMMUNICATIONS.COM | TRADE PAYABLE | | | | $456,717.43 |
| 12 RSV NG, LLC 129 W 29TH ST, RM 600N NEW YORK, NY 10001 UNITED STATES | PHONE: 908-675-7468 CBALFE@REDSEATVENTURES.COM | TRADE PAYABLE | | | | $430,768.00 |
| 13 CNZ COMMUNICATIONS SE LLC 15200 W SUNSET BLVD, STE 202 PACIFIC PALISADES, CA 90272 UNITED STATES | PHONE: 310-573-1600 EMMYZUNIGA@CNZCOMMUNICATIONS.COM | TRADE PAYABLE | | | | $377,278.31 |
| 14 ACM PRODUCTION LLC 25 SE 2ND AVE 205 MIAMI, FL 33131 UNITED STATES | CONTACT: HOWARD CHEN PHONE: 615-564-9624 ANTONIO@ACMPRODUCTIONS.COM | TRADE PAYABLE | | | | $372,384.00 |
| 15 THE NIELSEN COMPANY (US), LLC 40 MEDIA DR QUEENSBURY, NY 12804 UNITED STATES | PHONE: 855-425-8844 NMRBILLING@NIELSEN.COM | TRADE PAYABLE | | | | $226,668.46 |
| 16 WONDER LOVE INC 5665 NEW NORTHSIDE DR, STE 110 ATLANTA, GA 30328 UNITED STATES | CONTACT: ERIKA WINKLER PHONE: 424-317-6971 CHRISTEL@STEVEHARVEY.COM | TRADE PAYABLE | | | | $168,652.00 |
| 17 NEXSTAR DIGINET 545 E JOHN CARPENTER FWY, STE 700 IRVING, TX 75062 UNITED STATES | CONTACT: RACHEL MORGAN PHONE: 773-883-6279 CHARLES@SPORTSGRID.COM | TRADE PAYABLE | | | | $166,668.00 |
| 18 BEACON HILL SOLUTIONS GROUP, LLC 20 ASHBURTON PL BOSTON, MA UNITED STATES | PHONE: 817-840-9210 AR@BHSG.COM | TRADE PAYABLE | | | | $160,483.20 |

Debtor:  Merit Street Media Inc.                                                    Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19  CABALLERO III LLC 15233 LA CRUZ DR PACIFIC PALISADES, CA  90272 UNITED STATES | RANDYNONBERG@CNZCOMMUNICATIONS.COM | TRADE PAYABLE | | | | $134,510.29 |
| 20  STAGE 29 PRODUCTIONS, LLC 137 N LARCHMONT BLVD, STE 705 LOS ANGELES, CA  90004 UNITED STATES | PHONE: 818-967-3192 JENNI.HECKSCHER@STAGE29TV.COM | TRADE PAYABLE | | | | $131,012.32 |
| 21  BORDEN MEDIA CONSULTING, LLC 16133 VENTURA BLVD, STE 670 ENCINO, CA  91436 UNITED STATES | PHONE: 310-268-1100 TAMMY@BORDENMEDIA.COM | TRADE PAYABLE | | | | $123,750.00 |
| 22  STRYKER MEDIA LLC 1099 AUTUMN HILL CT CROZET, VA UNITED STATES | PHONE: 310-573-1600 RANDYNONBERG@CNZCOMMUNICATIONS.COM | TRADE PAYABLE | | | | $100,672.15 |
| 23  NEXT CHAPTER PRODUCTIONS 29 POWERS RD CONCORD, MA UNITED STATES | PHONE: 310-312-4175 SBIGNONE@MANATT.COM | TRADE PAYABLE | | | | $81,818.18 |
| 24  EDGE TECHNOLOGY SERVICES INC 116 WASHINGTON AVE, STE 2 NORTH HAVEN, CT UNITED STATES | PHONE: 203-764-1201 LMASSE@EDGETS.COM | TRADE PAYABLE | | | | $63,500.00 |
| 25  LONDONAIRE, LLC 4245 KEMP BLVD, STE 406 WICHITA FALLS, TX UNITED STATES | PHONE: 214-755-7133 BARBARA@GREENCHAIRPRODUCTIONS.COM | TRADE PAYABLE | | | | $60,000.00 |
| 26  CNN NEWSOURCE SALES, INC. 190 MARIETTE ST, NW ATLANTA, GA UNITED STATES | PHONE: 404-263-5421 ARSPECIALIST@TURNER.COM | TRADE PAYABLE | | | | $43,195.66 |
| 27  BOON-CHAPMAN BENEFIT ADMINISTRATORS INC 9401 AMBERGLEN BLVD BUILDING I, STE 100 AUSTIN, TX  78729 UNITED STATES | PHONE: 512-454-2681 TONYS@BOONCHAPMAN.COM | TRADE PAYABLE | | | | $40,529.53 |
| 28  INDUSTRIOUS NYC 11 PARK PLACE LLC 11 PARK PL NEW YORK, NY  10007 UNITED STATES | PHONE: 646-687-0160 SAOIRSE.KENNEDY@INDUSTRIOUSOFFICE.COM | TRADE PAYABLE | | | | $39,325.50 |
| 29  DIGITAL GLUE 30100 TOWN CENTER DR, STE O444 LAGUNA NIGUEL, CA  92677 UNITED STATES | PHONE: 949-388-9078 SALES@DIGITALGLUE.COM | TRADE PAYABLE | | | | $34,661.13 |
| 30  HIGH SCORE, LLC 1 OAK DR LITCHFIELD, NH UNITED STATES | PHONE: 310-801-3817 | TRADE PAYABLE | | | | $25,000.00 |

**RESOLUTIONS OF THE SPECIAL COMMITTEE
OF THE BOARD OF DIRECTORS OF MERIT STREET MEDIA, INC.**

July 1, 2025

Reference is made to the bylaws (the "***Organizational Documents***") (as such may be modified, amended, or supplemented from time to time) of Merit Street Media, Inc., a Texas corporation (the "***Company***") and the charter.  Capitalized terms not otherwise defined herein shall have the meaning attributed to such terms in the Organizational Documents. The following resolutions were approved at a meeting (the "***Meeting***") of the special committee ("***Special Committee***") of the board ("***Governing Body***") of the Company:

WHEREAS, on June 30, 2025, the Governing Body established the Special Committee in connection with certain Strategic Options and Claims (as defined in the charter of the Special Committee) ("***Special Committee Charter***");

WHEREAS, the Governing Body delegated the Special Committee the duties, rights, and authority as set forth in the Special Committee Charter;

WHEREAS, the Special Committee has considered certain materials presented by, or on behalf of, the Company's management ("***Management***") and financial and legal advisors (collectively, the "***Advisors***"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's business;

WHEREAS, the Special Committee has reviewed and considered presentations by Management and the Advisors of the Company regarding the advantages and disadvantages of filing a voluntary petition for relief (the "***Bankruptcy Petition***") for the Company pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "***Bankruptcy Code***");

WHEREAS, the Special Committee has had adequate opportunity to consult with its Management and the Advisors regarding the materials presented, to obtain additional information, and to fully consider each of the strategic alternatives available to the Company; and

WHEREAS, the Special Committee has determined, in the judgment of the Special Committee, that the following resolutions are advisable and in the best interests of the Company, its interest holders, its creditors, and other parties in interest.

1. **Voluntary Petition for Relief under Applicable Bankruptcy Law and Seeking Necessary Relief**

NOW, THEREFORE, BE IT RESOLVED, that the Special Committee has considered its fiduciary duties under applicable law in exercising its powers and discharging its duties, to act honestly and in good faith with a view to the best interests of the Company as a whole, and to

exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances;

RESOLVED FURTHER, that in the judgment of the Special Committee, it is desirable and in the best interests of the Company, its interest holders, its creditors, and other parties in interest that the Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, the Bankruptcy Petition for the Company under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**") or other court of competent jurisdiction, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and, in accordance with the requirements of the Company's governing documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petition;

RESOLVED FURTHER, that any director or duly appointed officer of the Company, each acting individually and with full power of substitution (together with any persons to whom such persons delegate certain responsibilities, collectively, the "**Authorized Persons**") be, and hereby is, authorized to execute and file on behalf of the Company schedules, lists, and other motions, papers, or documents, and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company;

## 2. Retention of Professionals

RESOLVED FURTHER, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed to employ the following professionals on behalf of the Company: (i) the law firm of Sidley Austin LLP, as general bankruptcy counsel; (ii) Triple P TRS, LLC as restructuring advisor and Triple P Securities, LLC as investment banker; (iii) Epiq Systems, Inc., as claims, noticing, and solicitation agent; and (v) and any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is, authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services;

## 3. Cash Collateral, Debtor-in-Possession Financing, and Adequate Protection

RESOLVED FURTHER, that the Company will obtain benefits, as necessary or convenient to the conduct, promotion, maintenance, and attainment of the business of the Company, from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code, and (b) the receipt of a debtor-in-possession financing facility by and among the Company, as borrower, and Peteski Productions, Inc., as lender (the "**DIP Facility**");

RESOLVED FURTHER, that the Company is authorized and empowered to (a) enter into the DIP Facility, subject to approval by the Bankruptcy Court, and (b) seek entry of the order approving the DIP Facility (the "**DIP Order**") and any other such order authorizing entry into, and consummation of, the DIP Facility and the DIP Documents (as defined below);

RESOLVED FURTHER, that the form, terms, and provisions of the DIP Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Persons of the Company be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of (a) the DIP Order and the DIP Facility, (b) such other agreements, certificates, instruments, notices, receipts, recordings, filings, petitions, motions, or other papers or documents to which the Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively, with the DIP Order and the DIP Facility, the "**DIP Documents**"), and (c) any amendments or modifications to the DIP Documents (with such changes, modifications, additions, deletions, and amendments thereto as any Authorized Person in his or her sole discretion shall deem required, necessary, appropriate, desirable or advisable, the approval of which shall be conclusively established by the execution and delivery thereof;

RESOLVED FURTHER, that the Company, as debtor and debtor in possession under the Bankruptcy Code, upon filing of the Bankruptcy Petitions, be, and hereby is, authorized to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "**DIP Transactions**"), including the granting of liens on substantially all of its assets to secure such obligations;

RESOLVED FURTHER, that each of the Authorized Persons of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to file or to authorize the agents under the DIP Facility (the "**DIP Agents**") to file any Uniform Commercial Code (the "**UCC**") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Company that the DIP Agents deems necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agents may reasonably request to perfect the security interests of the DIP Agents under the DIP Order;

RESOLVED FURTHER, that each of the Authorized Persons of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the DIP

Order or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

4. **Further Actions and Prior Actions**

RESOLVED FURTHER, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to the matters authorized herein;

RESOLVED FURTHER, that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

RESOLVED FURTHER, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the Company itself may lawfully do, in accordance with its Governing Documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of the Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person's or Authorized Persons' may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

RESOLVED FURTHER, that the Special Committee has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and

RESOLVED FURTHER, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Special Committee.

```
Fill in this information to identify the case and this filing:

Debtor Name   Merit Street Media, Inc.

United States Bankruptcy Court for the:  Northern          District of   Texas
                                                                       (State)
Case number (If known): _____
```

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

❑ *Schedule H: Codebtors* (Official Form 206H)

❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❑ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration__List of Equity Security Holders and Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  7/2/2025          ✗ _Gary Broadbent_____
             _____                F09C309D529B445...
             MM / DD / YYYY            Signature of individual signing on behalf of debtor

                                       Gary Broadbent
                                       _____
                                       Printed name

                                       Chief Restructuring Officer
                                       _____
                                       Position or relationship to debtor