SIDLEY AUSTIN LLP
Thomas R. Califano (24122825)
Jeri Leigh Miller (24102176)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400
Email:  tom.califano@sidley.com
      jeri.miller@sidley.com

SIDLEY AUSTIN LLP
Stephen Hessler (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599
Email:  shessler@sidley.com
      pventer@sidley.com

*Attorneys for the Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>MERIT STREET MEDIA, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 25-80156 (SWE) |

### DEBTOR'S LIMITED CONSENT TO DISMISSAL OF CHAPTER 11 CASE

Merit Street Media, Inc., as debtor and debtor in possession (the "Debtor" or "Merit Street")[2] in the above-captioned chapter 11 case (the "Chapter 11 Case"), submits this limited consent (this "Consent") to entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, voluntarily dismissing this Chapter 11 Case.

---

[1] The last four digits of the Debtor's federal tax identification number are 8990. The Debtor's mailing address is 5501 Alliance Gateway Fwy, Fort Worth, TX 76177.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Declaration of Gary Broadbent, Chief Restructuring Officer of the Debtor, in Support of the Debtor's Chapter 11 Proceeding* [Docket No. 14] (the "First Day Declaration") or *Debtor's Emergency Motion for Entry of Interim and Final Orders (I) Authorizing (A) Postpetition Financing, and (B) the Use of Cash Collateral; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* [Docket No. 11] (the "DIP Motion"), as applicable.

1

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction to consider this Consent pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and the Consent in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The Debtor confirms its consent to the entry of a final order by the Court in connection with the Consent if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND**

3. On July 2, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under sections 101–1532 of the Bankruptcy Code in this Court. Concurrent with the petition for relief, the Debtor filed the DIP Motion, seeking approval of funding for the operation and administration of this Chapter 11 Case.

4. On July 3, 2025, Judge Jernigan, sitting in a temporary capacity, approved the relief requested in the DIP Motion on an interim basis and entered the *Interim Order (I) Authorizing Post-Petition Financing Secured by Senior Liens, (II) Authorizing the Debtor to Use Cash Collateral; (III) Granting Adequate Protection, and (IV) Granting Related Relief* [Docket No. 35] (the "Interim DIP Order"). The Interim DIP Order scheduled a final hearing on the DIP Motion for July 29, 2025, and permitted the Debtor to draw the Interim Advance, which was sized to last only until the final hearing (the "Interim Period").

5.      On July 18, 2025, Trinity Broadcasting of Texas, Inc. *dba* Trinity Broadcasting Network and TCT Ministries, Inc. (together, "Trinity") filed *Trinity Broadcasting of Texas, Inc. and TCT Ministries, Inc.'s Emergency Motion for an Order: (I) Dismissing the Debtor's Chapter 11 Case, (II) Converting the Case to Chapter 7, or (III) Appointing a Chapter 11 Trustee* [Docket No. 100] (the "Motion to Dismiss"), alleging, *inter alia*, that this Chapter 11 Case was filed in bad faith and requesting dismissal of the case or, in the alternative, conversion to a chapter 7 case.

6.      On August 1, 2025, Professional Bull Riders LLC ("PBR") filed the *Partial Joinder of Professional Bull Riders LLC in Support of Trinity Broadcasting of Texas, Inc. and TCT Ministries, Inc.'s Emergency Motion for An Order: (I) Dismissing Debtor's Chapter 11 Case, (II) Converting the Case to Chapter 7, or (III) Appointing a Chapter 11 Trustee* [Docket No. 151], joining Trinity in its argument that this Chapter 11 Case was filed in bad faith, but submitting that conversion, rather than dismissal, was in the best interest of creditors.

7.      On August 14, 2025, Trinity and PBR filed the *Joint Emergency Motion of Trinity Broadcasting of Texas, Inc. and TCT Ministries, Inc. and Professional Bull Riders LLC to (I) Continue Certain Matters Set for Hearing on August 19, 2025, (II) Enter an Order Scheduling Related Deadlines, and (II) Grant Related Relief* [Docket No. 229] (the "Joint Motion to Continue"), which was granted at an emergency hearing held on August 15, 2025.

8.      At the August 14, 2025, hearing on *Professional Bull Riders LLC's Emergency Motion to Compel Production by the Debtor and Peteski Productions, Inc.* [Docket No. 173], the Court, overruling the Debtor's objection that such production would be unduly burdensome,

3

ordered the Debtor to produce further expanded discovery including, *inter alia*, texts and personal emails for additional parties, including current and ex-employees.

9. At the August 15, 2025, hearing on the Joint Motion to Continue, despite the reiterated requests by counsel to the Debtor and counsel to the Official Committee of Unsecured Creditors (the "Committee") that the Court on August 19 hear and rule on the DIP in the form of the proposed second interim draw, the Court determined to only permit the Debtor on August 19 to seek additional interim financing for amounts limited solely to operational expenses, and specifically excluding professional fees. The Court further ordered certain other matters scheduled for the August 19, 2025, hearing, including the Motion to Dismiss, to be continued to a September 2, 2025, hearing date.

## CHAPTER 11 CASE DISMISSAL

10. Unable to obtain a ruling on its proposed final (or proposed second interim) DIP orders, the Debtor has been unable to adequately escrow funds for its accruing administrative expense costs relating to the actual, reasonable, and necessary professional fees incurred by the advisors to the Debtor and the Committee in the administration of this Chapter 11 Case. These costs continue to accrue—and actually are expanding as a result of the various discovery objections and rulings. Because of the litigious nature of this case, the extensive discovery propounded, and the delays resulting from the continuances granted to date, those administrative expense costs are continuing to accrue, without any viable mechanism to satisfy such obligations. The estate professionals are left in an untenable position where continued administration of the Chapter 11 Case exposes them to unreasonable and unjustifiable financial burden and risk.

11. The Debtor also is unable to administer a value-maximizing sale process in the manner which it intended to pursue in this Chapter 11 Case, or otherwise continue operations in a

responsible manner consistent with the administrative obligations of the Chapter 11 process. Accordingly, the Debtor has determined it is in the best interest of creditors to eliminate the ongoing significant costs of administration, while preserving flexibility for future recovery to estate creditors through an alternative channel (to be determined), by consenting to the dismissal of its Chapter 11 Case.

12. Notably, while the Debtor ultimately consents to the dismissal requested by Trinity, it does so for reasons markedly different from those cited in the Motion to Dismiss. This case was filed in good faith and the Debtor maintains that a chapter 11 process would provide the best path towards a value-maximizing resolution to the issues that justified the chapter 11 filing. With forward progress on the path on which the Debtor began the case presently foreclosed, the Debtor believes the least-worst available (and unfortunately necessary) alternative is dismissal of the Chapter 11 Case.

## STATUTORY BASIS

13. Section 1112(b) of the Bankruptcy Code permits a "party in interest" to request conversion or dismissal of a bankruptcy case "for cause," which the court shall grant if it is in the "best interests of the creditors and the estate." 11 U.S.C. § 1112(b). Nothing in the statute prohibits a debtor from voluntarily dismissing its own case, and "it is axiomatic that a debtor constitutes a party in interest for purposes of…dismissal[.]" *In re Forum Health*, 444 B.R. 848, 855 (Bankr. N.D. Ohio 2011).

14. Dismissal or conversion under § 1112(b) "requires a two-step process in which the court first determines whether there is 'cause' to convert or dismiss, and next chooses between conversion and dismissal based on the 'best interest[s] of creditors and the estate.'" *In re Am. Cap. Equip. LLC*, 688 F.3d 145, 161 (3d Cir. 2012) (quoting § 1112(b)).

5

15. "Cause" is not defined in the Code. Section 1112(b)(4) contains sixteen examples of cause, but "such list is non-exhaustive." *Forum Health*, 444 B.R. at 855 (citation omitted). While most of the examples in § 1112(b)(4) are based on some kind of failure by the debtor, these are grounds that a non-debtor party "would usually cite as grounds for dismissal." *Forum Health* at 444 B.R. 855–56. It is "wholly consistent" that a debtor would rely on cause outside of § 1112(b)(4) to dismiss its own case. *See Forum Health*, 444 B.R. at 856.

16. Once a Motion for Dismissal has been filed, the court shall commence the hearing "not later than 30 days after filing of the motion, and shall decide the motion not later than 15 days after commencement of such hearing, unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting the time limits established by this paragraph." 11 U.S.C. § 1112(b)(3). Such timeline is necessary to provide parties with clarity on a foundational motion and to ensure efficiency—of the court's docket, and for all parties in interest, and for the costs of administering the case. Because the Debtor is herein consenting to Trinity's requested dismissal, the Debtor asserts that any further continuance of the hearing on the Motion to Dismiss, to September 2, 2025, or otherwise, is now moot (and unwarranted).

17. Here, ample cause exists to dismiss the Chapter 11 Case. Specifically, the Debtors are unable to obtain assurance for the payment of the administration of its Chapter 11 Case, including for accrued administrative expense claims from Debtor and Committee professionals relating to the necessary and actual fees incurred in this Chapter 11 Case. Without the financing that it requires to continue operations in a responsible manner, the Debtor's professionals have been put in the position of financing the case—and would need to continue to do so for (at least)

6

another two weeks—of already extensive and continually-expanding discovery and litigation.[3] Put simply, the Debtor is now unable to effectuate its chapter 11 goals of pursuing a value-maximizing sale process or otherwise liquidating its assets for the benefit of all creditors and parties in interest (ideally while mediating the claims at issue in the overarching litigation).

18. Dismissal, rather than conversion, is in the best interest of creditors and the estate under section 1112(b) for the following reasons.

19. *First*, a chapter 7 trustee will incur significant administrative expenses familiarizing himself or herself with the operations of the Debtor. A chapter 7 trustee will be a new party to the proceedings who lacks the benefit of existing relationships with the Debtor's employees, understanding of the Debtor's various contractual relationships and arrangements, and history in the Debtor's ongoing litigation with Trinity and PBR. Without the benefit of this historical knowledge and relationship, it is likely a chapter 7 trustee would struggle to run an organized process to maximize value—thereby depressing (if not eliminating altogether) the likelihood of making any meaningful distributions to unsecured creditors and, at the least, introducing months of delay.

20. *Second*, a dismissal will leave the Debtor, at least for the immediate near-term, with a management team and a going-concern business. Following dismissal, the Debtor can continue revenue generating operations and explore other paths towards a resolution, including, but not limited to negotiations with key creditor parties, evaluation of out-of-court financing options, or other consensual restructuring transactions.

---

[3] Neither Trinity nor PBR cited (nor can the Debtor find or is it otherwise aware of) any sort of "unusual case" exception to section 364 that justifies debtor in possession financing only to the extent it provides for operational, but not case administrative, expenses.

21. *Third*, while the Debtor filed this Chapter 11 Case, in part, to consolidate litigation, the Chapter 11 Case has become untenable. Thus, the Debtor submits, as between conversion and dismissal, that dismissal offers the parties to litigation a clearer path to resolution than thrusting a chapter 7 trustee into the middle of well-developed litigation.

22. *Finally*, the Debtor's employees are better served in a dismissal than in a conversion to a chapter 7, under which they will likely be terminated.

23. In light of the foregoing, the Debtor respectfully submits that it has demonstrated cause for dismissal under § 1112(b).

## RESERVATION OF RIGHTS

24. Nothing contained herein or any action taken pursuant to relief requested is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor's or any party in interest's rights to subsequently dispute such claim.

## **NOTICE**

25. Notice of this Consent has been provided by email, facsimile, or overnight courier to the Complex Service List. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

The Debtor hereby consents to entry of the Order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as is just and proper.

Dated: August 18, 2025
Dallas, Texas

/s/ Thomas R. Califano
**SIDLEY AUSTIN LLP**
Thomas R. Califano (24122825)
Jeri Leigh Miller (24102176)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:    (214) 981-3300
Facsimile:    (214) 981-3400
Email:    tom.califano@sidley.com
    jeri.miller@sidley.com

and

Stephen Hessler (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:    (212) 839-5300
Facsimile:    (212) 839-5599
Email:    shessler@sidley.com
    pventer@sidley.com

*Attorneys for the Debtor
and Debtor in Possession*

**Certificate of Service**

I certify that on August 18, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

                                            */s/ Thomas R. Califano*
                                            Thomas R. Califano