| | |
|---|---|
| SIDLEY AUSTIN LLP | SIDLEY AUSTIN LLP |
| Thomas R. Califano (24122825) | Stephen Hessler (admitted *pro hac vice*) |
| Jeri Leigh Miller (24102176) | Patrick Venter (admitted *pro hac vice*) |
| 2021 McKinney Avenue, Suite 2000 | 787 Seventh Avenue |
| Dallas, Texas 75201 | New York, New York 10019 |
| Telephone: (214) 981-3300 | Telephone: (212) 839-5300 |
| Facsimile: (214) 981-3400 | Facsimile: (212) 839-5599 |
| Email: tom.califano@sidley.com | Email: shessler@sidley.com |
| jeri.miller@sidley.com | pventer@sidley.com |

*Attorneys for the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MERIT STREET MEDIA, INC.,[1] | Case No. 25-80156 (SWE) |
| Debtor. | |

**MOTION OF SIDLEY AUSTIN LLP TO WITHDRAW AS COUNSEL
TO MERIT STREET MEDIA, INC.**

Sidley Austin LLP ("Sidley Austin" or "Movant") hereby submits this motion ("Motion") and the *Declaration of Stephen E. Hessler in Support of Motion of Sidley Austin LLP to Withdraw as Counsel to Merit Street Media, Inc.*[2] In further support of this Motion, the Movant state as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 8990. The Debtor's mailing address is 5501 Alliance Gateway Fwy, Fort Worth, TX 76177.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

**RELIEF REQUESTED**

1.    By this Motion, the Movant seeks entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A,** permitting Sidley Austin's withdrawal as counsel to Merit Street Media, Inc. (the "Debtor" or "Merit Street").

2.    The Movant also has filed the *Debtor's Limited Consent to Dismissal of Chapter 11 Case* [Docket No. 255], which includes the *Order Dismissing Chapter 11 Case* (the "Dismissal Order") attached thereto as Exhibit A.

3.    The relief requested herein is necessary only if the Court does not enter the Dismissal Order.

**JURISDICTION AND VENUE**

4.    The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

5.    The legal predicate for the relief requested herein is rule 2091-1 of the Local Bankruptcy Rules for the Northern District of Texas (the "Local Bankruptcy Rules").

6.    The Debtor confirms its consent to the entry of a final order by the Court in connection with the Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND**

7. On July 2, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under sections 101–1532 of the Bankruptcy Code in this Court. Concurrent with the petition for relief, the Debtor filed the DIP Motion, seeking approval of funding for the operation and administration of this Chapter 11 Case.

8. On July 3, 2025, Judge Jernigan, sitting in a temporary capacity, approved the relief requested in the DIP Motion on an interim basis and entered the *Interim Order (I) Authorizing Post-Petition Financing Secured by Senior Liens, (II) Authorizing the Debtor to Use Cash Collateral; (III) Granting Adequate Protection, and (IV) Granting Related Relief* [Docket No. 35] (the "Interim DIP Order"). The Interim DIP Order scheduled a final hearing on the DIP Motion for July 29, 2025, and permitted the Debtor to draw the Interim Advance, which was sized to last only until the final hearing (the "Interim Period").

9. On July 18, 2025, Trinity Broadcasting of Texas, Inc. *dba* Trinity Broadcasting Network and TCT Ministries, Inc. (together, "Trinity") filed *Trinity Broadcasting of Texas, Inc. and TCT Ministries, Inc.'s Emergency Motion for an Order: (I) Dismissing the Debtor's Chapter 11 Case, (II) Converting the Case to Chapter 7, or (III) Appointing a Chapter 11 Trustee* [Docket No. 100] (the "Motion to Dismiss"), alleging, *inter alia*, that this Chapter 11 Case was filed in bad faith and requesting dismissal of the case or, in the alternative, conversion to a chapter 7 case.

10. On August 1, 2025, Professional Bull Riders LLC ("PBR") filed the *Partial Joinder of Professional Bull Riders LLC in Support of Trinity Broadcasting of Texas, Inc. and TCT Ministries, Inc.'s Emergency Motion for An Order: (I) Dismissing Debtor's Chapter 11 Case, (II) Converting the Case to Chapter 7, or (III) Appointing a Chapter 11 Trustee* [Docket No. 151],

joining Trinity in its argument that this Chapter 11 Case was filed in bad faith, but submitting that conversion, rather than dismissal, was in the best interest of creditors.

11. On August 14, 2025, Trinity and PBR filed the *Joint Emergency Motion of Trinity Broadcasting of Texas, Inc. and TCT Ministries, Inc. and Professional Bull Riders LLC to (I) Continue Certain Matters Set for Hearing on August 19, 2025, (II) Enter an Order Scheduling Related Deadlines, and (II) Grant Related Relief* [Docket No. 229] (the "Joint Motion to Continue"), which was granted at an emergency hearing held on August 15, 2025.

12. At the August 14, 2025, hearing on *Professional Bull Riders LLC's Emergency Motion to Compel Production by the Debtor and Peteski Productions, Inc*. [Docket No. 173], the Court, overruling the Debtor's objection that such production would be unduly burdensome, ordered the Debtor to produce further expanded discovery including, *inter alia*, texts and personal emails for additional parties, including current and ex-employees.

13. At the August 15, 2025, hearing on the Joint Motion to Continue, despite the reiterated requests by counsel to the Debtor and counsel to the Official Committee of Unsecured Creditors (the "Committee") that the Court on August 19 hear and rule on the DIP in the form of the proposed second interim draw, the Court determined to only permit the Debtor on August 19 to seek additional interim financing for amounts limited solely to operational expenses, and specifically excluding professional fees. The Court further ordered certain other matters scheduled for the August 19, 2025, hearing, including the Motion to Dismiss, to be continued to a September 2, 2025, hearing date.

## FACTS SUPPORTING MOTION TO WITHDRAW AS COUNSEL

14. As of the date of this Motion, the Debtor is not able to obtain DIP financing for the use of escrowing funds on account of actual, reasonable, and necessary professional fees. As a result, the Movant cannot continue to represent the Debtor without incurring unreasonable financial burden and risk.

15. The Movant understands that the Debtor has engaged at least one additional firm as replacement counsel and will be ready to address this matter further at the August 19, 2025, hearing. The Movant understands that the Debtor does not oppose Movant's withdrawal as its counsel.

## BASIS FOR RELIEF REQUESTED

16. The Movant requests an order pursuant to Rule 2091-1 of the Local Bankruptcy Rules, which provides that "[a]n attorney desiring to withdraw in any case must file a motion to withdraw…" and that "[t]his motion must…specify the reasons requiring withdrawal and provide the name and address of the succeeding attorney."

17. Additionally, courts reviewing withdrawal motions are guided by the applicable rules of professional conduct.[3] Pursuant to the Texas Disciplinary Rules of Professional Conduct, an attorney may withdraw from representing a client when withdrawal can be accomplished without material adverse effect on the interests of the client, when representation will result in an unreasonable financial burden on the lawyer and/or other good cause for withdrawal exists.[4] As noted by the circuit court in *Brandon v. Blech*, "while [the rules of professional conduct] stop short

---

[3] *See, e.g.*, *Whiting v. Lacara*, 187 F.3d 317 at 321-23 (2d Cir. 1999) *See Fidelity Nat. Title Ins. v. Intercounty Nat*, 310 F.3d 537 at 540 (7th Cir. 2002); *Rivera-Domenech v. Calvesbert Law Offices PSC*, 402 F.3d 246 at 248 (1st Cir. 2005); *Brandon v. Blech*, 560 F.3d 536 (6th Cir. 2009); *Diamond Consortium, Inc. v. Hammervold,* 737 Fed. Appx. 194 (5th. Cir. 2018).
[4] *See* Texas Disciplinary Rules of Professional Conduct, Rule 1.16(b)(1), (6), (7).

of guaranteeing a right to withdraw, they confirm that withdrawal is presumptively appropriate where the rule requirements are satisfied."[5]

18. The Movant avers that the Debtor knowingly and freely assents to counsel's withdrawal. In anticipation of the withdrawal, the Movant has provided the Debtor with a list of upcoming hearings and response dates and will work to smoothly transition ongoing matters to replacement counsel to the Debtor.

## RESERVATION OF RIGHTS

19. Nothing contained herein or any action taken pursuant to relief requested is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor's or any party in interest's rights to subsequently dispute such claim.

---

[5] 560 F.3d at 538.

## NOTICE

20.     Notice of this Motion has been provided by email, facsimile, or overnight courier to the Complex Service List. The Movant submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PREVIOUS REQUEST

21.     No previous request for the relief sought herein has been made by the Debtor to this or any other court.

[*Remainder of Page Intentionally Left Blank.*]

The Movant requests entry of the Order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as is just and proper.

Dated: August 18, 2025
Dallas, Texas

*/s/ Thomas R. Califano*
**SIDLEY AUSTIN LLP**
Thomas R. Califano (24122825)
Jeri Leigh Miller (24102176)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:    (214) 981-3300
Facsimile:    (214) 981-3400
Email:    tom.califano@sidley.com
    jeri.miller@sidley.com

*and*

Stephen Hessler (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:    (212) 839-5300
Facsimile:    (212) 839-5599
Email:    shessler@sidley.com
    pventer@sidley.com

*Proposed Attorneys for the Debtor
and Debtor in Possession*

**Certificate of Service**

      I certify that on August 18, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

                                            */s/ Thomas R. Califano*
                                            Thomas R. Califano