| | | |
|---|---|---|
| Holland N. O'Neil (TX 14864700)<br>Robert Slovak (TX 24013523)<br>Steven C. Lockhart (TX 24036981)<br>Mark C. Moore (TX 24074751)<br>Stephanie L. McPhail (TX 24104104)<br>Davis G. Mosmeyer III (TX 24106346)<br>**FOLEY & LARDNER LLP**<br>2021 McKinney Avenue, Suite 1600<br>Dallas, TX 75201<br>Telephone: (214) 999-3000<br>Facsimile: (214) 999-4667<br>honeil@foley.com<br>rslovak@foley.com<br>slockhart@foley.com<br>mmoore@foley.com<br>smcphail@foley.com<br>dmosmeyer@foley.com | Rajiv Dharnidharka<br>(admitted *pro hac vice*)<br>**FOLEY & LARDNER LLP**<br>555 California Steet, Suite 1700<br>San Francisco, CA 94104<br>Telephone: (415) 434-4484<br>Facsimile: (415) 434-4507<br>rajiv.dharnidharka@foley.com | Nora J. McGuffey (TX 24121000)<br>**FOLEY & LARDNER LLP**<br>321 North Clark Street, Suite 3000<br>Chicago, IL 60654<br>Telephone: (312) 832-4366<br>Facsimile: (312) 832-4700<br>nora.mcguffey@foley.com |

*Attorneys for Trinity Broadcasting of Texas, Inc.*
*dba Trinity Broadcasting Network and TCT Ministries, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>MERIT STREET MEDIA, INC.,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No.: 25-80156-11 (SWE) |

**TRINITY BROADCASTING OF TEXAS, INC. AND TCT MINISTRIES, INC.'S**
**NOTICE REGARDING STATUS OF DISCOVERY MATTERS**

**PLEASE TAKE NOTICE** that Trinity Broadcasting of Texas, Inc. dba Trinity Broadcasting Network ("**TBN**") and TCT Ministries, Inc. ("**TCT**" and together with "**TBN**," "**Trinity**"), by and through their undersigned counsel, hereby provides notice of Peteski Productions, Inc.'s ("**Peteski**") failure to comply with its discovery obligations and this Court's

---

[1] The last four digits of the Debtor's federal tax identification number are 8990. The Debtor's mailing address is 5501 Alliance Gateway Fwy., Fort Worth, Texas 76177.

**TRINITY'S NOTICE OF DISCOVERY DEFICIENCY**                                                                                                          **PAGE 1**
4933-7721-4818.1

orders.[2] In support of this Notice, Trinity states as follows:

On August 14, 2025, this Court ordered, among other things, Peteski to produce responsive documents and communications from Phillip C. McGraw, Robin McGraw, Jay McGraw, and Jordan McGraw from January 1, 2024 to present.[3] In doing so, the Court overruled each and every objection raised by Peteski to the requested discovery, including as to custodians, search terms, time periods, and privilege.

On August 15, 2025, this Court ordered, among other things, that Peteski's production must be completed no later than August 22, 2025.[4] At that hearing, counsel for Peteski represented that (Phil) McGraw's text messages would be produced by Sunday, August 17.[5]

On Sunday, August 17, Peteski produced 45 documents largely comprised of emails with Frank Amedia (on behalf of Trinity) that Trinity had already produced. The following day, August 18, Peteski produced an additional 28 documents, again largely comprised of emails already in Trinity's possession. Mr. McGraw's text messages were not in either production.

Additional productions followed on August 20, 22, and 24, with the August 22 production being the largest. It was in that production that Peteski produced, for the first time, any text messages from Mr. McGraw—approximately 27 chains. For reference, below is a chart of the total productions by each of the parties through and including August 24, 2025.

| Productions | | |
|---|---|---|
| Debtor | 6,802 documents | 23,287 pages |
| Peteski | 1,047 documents | 4,170 pages |

---

[2]  This Notice incorporates the relevant discovery timeline as set forth in its *Joinder in Support of Professional Bull Rider LLC's Emergency Motion to Compel Production by the Debtor and Peteski Productions, Inc.* [Docket No. 206].

[3]  Aug. 14 Hr'g Tr. 25:7-19.

[4]  Aug. 15, Hr'g Tr. 65:6.

[5]  Aug. 15 Hr'g Tr. 56:2-4.

| Green Chair | 0 documents | 0 pages |
| McGraw | 0 documents | 0 pages |
| Trinity | 5,480 documents | 22,502 pages |

Absent from any production to date are Mr. McGraw's emails and text messages concerning the "stock swap" during the most critical period of July to December 2024, when the "stock swap" was being negotiated, executed, and discussed, including text messages with Mr. Amedia that Trinity knows exist because it produced them in this case. Given the transaction's importance, and given that Mr. McGraw communicates extensively through text message, it is simply not believable that Mr. McGraw would not have texted *anyone else* about the deal.

On Sunday, August 24, 2025, counsel for Trinity reached out to counsel for Peteski regarding the deficiencies in the production, raising, among other things, the issue about the lack of responsive documents between July and December 2024.[6] In response to Trinity's conferral, Peteski's counsel stated that it unilaterally limited its "stock swap" searches to the date range of July 1, 2024 through August 31, 2024 based on some alleged agreement with Trinity and PBR.[7] The Court overruled any objection to limit the date range of relevant information, and the parties have never agreed that the appropriate time period was merely two months.

As the date hereof, Peteski's production remains incomplete and wholly deficient. And as it stands today, Trinity believes that it does not have all documentation or communications that is

---

[6] A true and correct correspondence of the conferral is attached hereto as **Exhibit 1**.

[7] This is by no means the only deficiency noted by Trinity in the email correspondence following the August 22 productions (attached as Exhibit 1). Similar deficiencies exist with respect to materials concerning Envoy Media Co., the entity established immediately prior to the Petition Date and for which this entire process is being run, as well as materials from Mr. McGraw's sons that have not been produced. Given the importance of the corporate authority issue to the Court and the parties, we focus on discovery related to that issue here.

**TRINITY'S NOTICE OF DISCOVERY DEFICIENCY**    **PAGE 3**
4933-7721-4818.1

*responsive* to its discovery request—particularly those that relate to the allegations of corporate authority.

| | |
|---|---|
| DATED: August 25, 2025 | Respectfully submitted by: |

*/s/ Mark C. Moore*
Holland N. O'Neil (TX 14864700)
Robert Slovak (TX 24013523)
Steven C. Lockhart (TX 24036981)
Mark C. Moore (TX 24074751)
Stephanie L. McPhail (TX 24104104)
David G. Mosmeyer III (TX 24106346)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
honeil@foley.com
rslovak@foley.com
slockhart@foley.com
mmoore@foley.com
smcphail@foley.com
dmosmeyer@foley.com

-and-

Rajiv Dharnidharka
(admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
555 California Steet, Suite 1700
San Francisco, CA 94104
Telephone: (415) 434-4484
Facsimile: (415) 434-4507
rajiv.dharnidharka@foley.com

-and-

Nora J. McGuffey (TX 24121000)
**FOLEY & LARDNER LLP**
321 North Clark Street, Suite 3000
Chicago, IL 60654
Telephone: (312) 832-4366
Facsimile: (312) 832-4700
nora.mcguffey@foley.com

***Attorneys for Trinity Broadcasting of Texas, Inc. dba Trinity Broadcasting Network and TCT Ministries, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2025, a true and correct copy of the foregoing document was served electronically by the Court's PACER system.

*/s/ Nora J. McGuffey*
Nora J. McGuffey

# **EXHIBIT 1**

| | |
|---|---|
| **From:** | Secco, Nick <NSecco@beneschlaw.com> |
| **Sent:** | Monday, August 25, 2025 10:53 AM |
| **To:** | Moore, Mark C.; Butzer, Carl |
| **Cc:** | Dharnidharka, Rajiv; McPhail, Stephanie L.; Lockhart, Steven C.; McGuffey, Nora J.; Slovak, Rob; Thomas, J. Michael; Ducayet, Jim; ssexton@sidley.com; Venter, Patrick; parker.embry@sidley.com; Greg Wilkes; Babcock, Chip; Cavenaugh, Matthew; Ceckowski, Lauren; Ruzinsky, Bruce; Bankler, Chris; Moscarino, Alyssa; Walsh, Abbey; lstrubeckjr@omm.com |
| **Subject:** | Re: Peteski Document Production Deficiencies |

**\*\*\* EXTERNAL EMAIL MESSAGE \*\*\***

Carl -

We share Mark's concerns and have several of our own:

1. None of the three Benesch lawyers who attended the August 9 meet-and-confer recall any agreement to limit the Envoy-related RFPs in the way you outline below. Perhaps more importantly, your e-mails synopsizing the August 9 conference do not state anywhere that you are confining Envoy-related productions to former employees or asset transfers;
2. You are mistaken about Jackson Walker's representations concerning Envoy documents. Those representations were not limited to Greenchair Productions. On August 9, Chip wrote: "On Envoy as you know incorporation papers were filed in Delaware (I think) by Manat Phelps on or about July 1 **but I don't think Envoy has any employees, documents etc.** but I am checking on that." In response, I provided Chip with a long litany of Envoy information we were interested in obtaining. I do not recall ever being told that Envoy did, in fact, possess substantive documents such as emails. We discovered that truth in the course of reviewing the most recent MSM productions. Had we known sooner that Envoy possessed voluminous substantive documents, we very well may have treated your objections to the subpoena differently;
3. Your email below does not address our concerns about Dr. Phil's text messages. For example, the search terms "Envoy" and "Newco" would have undoubtedly returned numerous hits for Dr. Phil texts and emails, including his communications with MediaCo and current or prospective Envoy employees. Yet few, if any, of these communications have been produced. More troubling, there are instances where MSM has produced text exchanges between Joel Cheatwood and Dr. Phil containing the search term "newco," but those same exchanges do not appear to have been produced by Peteski. This suggests that Peteski continues to withhold relevant text messages.

NJS

Sent from my Verizon, Samsung Galaxy smartphone
Get [Outlook for Android](#)



Nicholas J. Secco
Partner | Litigation

> Benesch Friedlander Coplan & Aronoff LLP
>
> t: 312.212.4955 | NSecco@beneschlaw.com
> www.beneschlaw.com
> 71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637
>
> Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Moore, Mark C. <mmoore@foley.com>
**Sent:** Sunday, August 24, 2025 7:47:06 PM
**To:** Butzer, Carl <cbutzer@jw.com>
**Cc:** Dharnidharka, Rajiv <rajiv.dharnidharka@foley.com>; McPhail, Stephanie L. <smcphail@foley.com>; Lockhart, Steven C. <slockhart@foley.com>; McGuffey, Nora J. <nora.mcguffey@foley.com>; Slovak, Rob <rslovak@foley.com>; Thomas, J. Michael <jmthomas@foley.com>; Ducayet, Jim <jducayet@sidley.com>; ssexton@sidley.com <ssexton@sidley.com>; Venter, Patrick <pventer@sidley.com>; parker.embry@sidley.com <parker.embry@sidley.com>; Greg Wilkes <gwilkes@omm.com>; lstrubeckjr@omm.com <lstrubeckjr@omm.com>; Secco, Nick <NSecco@beneschlaw.com>; Babcock, Chip <cbabcock@jw.com>; Cavenaugh, Matthew <mcavenaugh@jw.com>; Ceckowski, Lauren <lceckowski@jw.com>; Ruzinsky, Bruce <bruzinsky@jw.com>; Bankler, Chris <cbankler@jw.com>; Moscarino, Alyssa <AMoscarino@beneschlaw.com>; Walsh, Abbey <abbey.walsh@beneschlaw.com>
**Subject:** Re: Peteski Document Production Deficiencies

Carl,

Your email raises several troubling questions that will likely need to be resolved by the Court. Taking each in turn:
- We never agreed to limit the time range for documents relating to the "stock swap" to a 2-month period in 2024. This is evident from our own production, which included emails and texts into and including December 2024. However, even if what you said is true, it continues to strain credulity that Mr. (Phil) McGraw would not have texted or emailed anyone outside of his inner circle about the purported stock swap in August 2024.
- We never agreed to limit the issues relating to Envoy to current or former workers or asset transfers. This leaves out the obvious (and evident) usurpation of corporate opportunities, matters relating to the interplay of the MSM bankruptcy with the launch of Envoy, etc. MSM apparently understood this; they produced materials directly responsive to these issues.
- Regarding Jay McGraw, we have identified at least one email, sent 5/20/2025 (PETESKI0003156), from your production where Jay suggests that MSM may become "a subsidiary of MediaCo." We find it difficult to believe that additional, non-privileged, responsive materials don't exist.
- Similarly, regarding Jordan McGraw, we have identified at least one email, sent by Joel Cheatwood on 7/2/2025 (MSM0013859) where Jordan is copied on issues concerning "Newco personnel" and the onboarding of employees at that entity, which we now know is Envoy. Other documents exist where Mr. Cheatwood asks Jordan to create content for Envoy (MSM0010144) where Jordan responds: "We should absolutely stack content." We find it difficult to believe that additional, non-privileged, responsive materials don't exist.

The Court overruled your objections to our RFPs/subpoena wholesale. He later described it as pouring you out. We interpret your response as a continued objection to applying the search terms ordered by the Court because they will result in what you know are responsive documents.

Finally, the offer to produce additional materials (if you find them) on Tuesday does nothing to assuage our concerns about the deposition of Mr. McGraw scheduled for Thursday, particularly in light of prior representations that appropriate searches have already been run.


**Mark C. Moore**
*Partner*

**Foley & Lardner LLP**
2021 McKinney Avenue, Suite 1600, Dallas, TX 75201-3340
Phone 214.999.4150 | Cell 254.722.4713
View My Bio | Visit Foley.com | mmoore@foley.com



---

**From:** Butzer, Carl <cbutzer@jw.com>
**Date:** Sunday, August 24, 2025 at 6:35 PM
**To:** Moore, Mark C. <mmoore@foley.com>, Secco, Nick <NSecco@beneschlaw.com>, Babcock, Chip <cbabcock@jw.com>, Cavenaugh, Matthew <mcavenaugh@jw.com>, Ceckowski, Lauren <lceckowski@jw.com>, Ruzinsky, Bruce <bruzinsky@jw.com>, Bankler, Chris <cbankler@jw.com>
**Cc:** Dharnidharka, Rajiv <rajiv.dharnidharka@foley.com>, McPhail, Stephanie L. <smcphail@foley.com>, Lockhart, Steven C. <slockhart@foley.com>, McGuffey, Nora J. <nora.mcguffey@foley.com>, Slovak, Rob <rslovak@foley.com>, Thomas, J. Michael <jmthomas@foley.com>, Ducayet, Jim <jducayet@sidley.com>, ssexton@sidley.com <ssexton@sidley.com>, Venter, Patrick <pventer@sidley.com>, parker.embry@sidley.com <parker.embry@sidley.com>, Greg Wilkes <gwilkes@omm.com>, lstrubeckjr@omm.com <lstrubeckjr@omm.com>
**Subject:** RE: Peteski Document Production Deficiencies

**\*\*\* EXTERNAL EMAIL MESSAGE \*\*\***
Nick and Mark,

I will collectively address each of your points below, separately on behalf of Peteski and Envoy.

**Documents regarding the "Stock Swap."** Per the parties' agreement, Peteski applied the search terms that TBN provided. The terms that relate to the "stock swap" (terms 38, 39, and 40) and "Amedia" (term 34) were limited to July 1, 2024 to August 31, 2024 – per the search terms that were provided. So, Peteski applied the search terms accordingly, reviewed the results, and produced responsive, non-privileged documents. However, out of an abundance of caution, we will re-review the following search terms to ensure Peteski has produced all non-privileged responsive documents for the timeframe of July 1, 2024 to August 31, 2024: (1) "takeover\*" /25 ("Phil\*" OR "DP\*" OR "McGraw\*"), (2) ("equity" OR "stock\*") /5 ("swap" OR "switch"), and (3) "chang\*" /10 "control\*".

**Documents regarding Envoy Media**. During the August 9 meet and confer, the parties discussed narrowing the requests related to Envoy and as a result, Peteski agreed to produce documents regarding Envoy related to (1) former or current MSM workers working for Envoy and (2) the transfer of any MSM assets to Envoy. Accordingly, Peteski searched for and produced non-privileged documents and communications (including Dr. Phil McGraw's text messages and emails) related to Envoy regarding those two topics. *See, e.g.,* PETESKI0003457-60. The parties did not agree to *all* documents or communications related to Envoy, regardless of content or topic. If you are insisting on all documents relating to Envoy, I think we should discuss tomorrow at a time Chip is also available.

**Jay McGraw emails and text messages:** We collected Jay McGraw's email and imaged his phone, applied the agreed-to search terms, and reviewed the results for responsive documents and communications. To date we've found no responsive, non-privileged emails and one responsive text message, which will be produced in our forthcoming production. However, we will take another look and report back tomorrow.

**Jordan McGraw emails:** We collected Jordan McGraw's email, applied the agreed-to search terms, reviewed the results for responsive documents and communications, and produced non-privileged, responsive emails from Jordan McGraw's email.

**Jordan McGraw text messages:** Despite repeated, good-faith efforts, we have thus far been unable to acquire a usable set of Jordan McGraw's text messages. On Saturday, August 16, we dispatched a forensic technician to Los Angeles, Mr. McGraw's hometown, to perform an on-site collection. The technician first initiated a full file-system extraction with Cellebrite's Inseyets tool, but the process terminated twice without completing. He therefore launched an overnight Advanced Logical Extraction using Cellebrite UFED. By the following morning—Sunday, August 17—that attempt also failed when the imaging process reached its final stage.

After securing a higher-capacity, high-speed drive, we repeated the collection. On Monday, August 18, the extraction appeared to complete successfully, yielding approximately 1.2 terabytes of data. We received the image in Dallas on Tuesday and began parsing it with Cellebrite. Multiple passes failed to surface any messaging content, and identical results were obtained when we processed the image in Axiom. Cellebrite's technical-support team is reviewing our logs but has not yet identified the source of the failure.

For the balance of the week we attempted to acquire Mr. McGraw's iCloud backups. Two further attempts with Cellebrite, one with Axiom, and one with Elcomsoft each required several hours to run and each concluded without extracting or parsing any message data. One vendor has since advised that the most recent iOS release may render that acquisition workflow unsupported.

Because all remote and logical acquisition methods have been unsuccessful, Mr. McGraw has arranged to ship the physical device to Dallas. Although he sought delivery by Monday, FedEx constraints make it unlikely that the handset will arrive before Tuesday, August 26.

**Confidentiality designations.** We will review Peteski's production and, as appropriate, de-designate publicly available documents, such as the court order Mark referenced.

**Envoy's Subpoena Responses.** We believe there is some confusion here. We previously stated that Green Chair Productions (the entity) does not have any unique documents (other than the formation documents we produced), not Envoy. Envoy's objections to the subpoena have not been discussed and the Court has not made any ruling as to Envoy's objections. However, we have collected documents from the Envoy email server that are responsive to the search term parameters you provided, and are in the process of reviewing them. We anticipate a production by Noon on Tuesday.

# Thanks,
# Carl

Carl Butzer | Partner
2323 Ross Avenue, Suite 600
Dallas, TX 75201
V: (214) 953-5902 | F: (214) 661-6609 | cbutzer@jw.com

**Jackson Walker** LLP

**From:** Moore, Mark C. <mmoore@foley.com>
**Sent:** Sunday, August 24, 2025 3:47 PM
**To:** Secco, Nick <NSecco@beneschlaw.com>; Babcock, Chip <cbabcock@jw.com>; Butzer, Carl <cbutzer@jw.com>; Cavenaugh, Matthew <mcavenaugh@jw.com>; Ceckowski, Lauren <lceckowski@jw.com>; Ruzinsky, Bruce <bruzinsky@jw.com>; Bankler, Chris <cbankler@jw.com>
**Cc:** Dharnidharka, Rajiv <rajiv.dharnidharka@foley.com>; McPhail, Stephanie L. <smcphail@foley.com>; Lockhart, Steven C. <slockhart@foley.com>; McGuffey, Nora J. <nora.mcguffey@foley.com>; Slovak, Rob <rslovak@foley.com>; Thomas, J. Michael <jmthomas@foley.com>; Ducayet, Jim <jducayet@sidley.com>; ssexton@sidley.com; Venter, Patrick <pventer@sidley.com>; parker.embry@sidley.com; Greg Wilkes <gwilkes@omm.com>; lstrubeckjr@omm.com
**Subject:** Re: Peteski Document Production Deficiencies

> **Caution:** **External Email.

All,

Trinity joins in the concerns expressed by PBR's counsel in the email below and requests similar confirmation regarding the deficiencies noted in productions from Peteski and Envoy. Please copy counsel at Foley on any correspondence regarding these issues.

With respect to specific additional issues, we are extremely concerned about the lack of a meaningful production of Mr. McGraw's text messages, particularly in the critical time between July 2024 and December 2024 concerning the "stock swap" that August. We produced numerous text messages by and between Mr. McGraw and Mr. Frank Amedia during that time period, but you did not make a corresponding production. We require an explanation of why.

The texts with Mr. Amedia are instructive of the problem but not exclusive. Based on the volume of those texts and the importance of what allegedly happened in the stock swap, it strains credulity that Mr. McGraw did not text anyone else about it at the same time. Please confirm that searches were done of *all* of Mr. McGraw's texts about the stock swap consistent with the search terms you agreed to utilize and explain why responsive documents have not already been produced. We note that in the hearing on August 15, Mr. Babcock stated that the production of Mr. McGraw's text messages would occur by the following Sunday, August 17. A week later, it doesn't appear to have happened.

Along the same lines, we see far fewer emails from Mr. McGraw about the stock swap than we would have expected to see, particularly given representations made by Mr. McGraw at the time about why he needed it: to show investors. We have not identified a single email from Mr. McGraw to an investor or someone outside of his inner circle of chief lieutenants about the stock swap at that time, which seems impractical. Please confirm that searches were done of *all* of Mr. McGraw's emails about the stock swap (and negotiations following same) consistent with the search terms you agreed to utilize and explain why responsive documents have not already been produced.

We also echo the concerns expressed about all materials from Mr. McGraw, texts and emails, about Envoy. It is now apparent that the "newco"/"DP 2.0"/"new venture" concept was in the making not later than May 20, 2025. The layoffs a few weeks later, continuous discussions day after day by MSM officers about the "transition" to what would eventually become Envoy, and, ultimately, the bankruptcy itself, are so clearly intertwined—and intended to faciliate—the creation and launch of Envoy, that additional texts and emails from Mr. McGraw himself *must* exist. And we have not identified a *single* email in a production by Peteski of any such emails.

Finally, the limited productions received to date contain confidentiality designations on documents that plainly do not qualify for such treatment. For example, PETESKI0000877-984 is designated confidential notwithstanding that the document is a signed court order entered on the Court's docket as Dkt. No. 35. We require an explanation of

5

why virtually every document is designated as confidential including documents provided to third parties under no duty to treat such documents as confidential.

If we do not receive satisfactory responses to the issues PBR noted below and the issues we have identified herein, we will have no choice but to raise these issues with the Court tomorrow.

**Mark C. Moore**
*Partner*

**Foley & Lardner LLP**
2021 McKinney Avenue, Suite 1600, Dallas, TX 75201-3340
Phone 214.999.4150 | Cell 254.722.4713
View My Bio | Visit Foley.com | mmoore@foley.com



---

**From:** Secco, Nick <NSecco@beneschlaw.com>
**Date:** Sunday, August 24, 2025 at 12:38 PM
**To:** Chip Babcock <cbabcock@jw.com>, Carl Butzer <cbutzer@jw.com>, Matthew Cavenaugh <mcavenaugh@jw.com>, Ceckowski, Lauren <lceckowski@jw.com>, bruzinsky@jw.com <bruzinsky@jw.com>, cbankler@jw.com <cbankler@jw.com>, Ducayet, Jim <jducayet@sidley.com>, ssexton@sidley.com <ssexton@sidley.com>, Venter, Patrick <pventer@sidley.com>, parker.embry@sidley.com <parker.embry@sidley.com>, Greg Wilkes <gwilkes@omm.com>, lstrubeckjr@omm.com <lstrubeckjr@omm.com>, Moore, Mark C. <mmoore@foley.com>, Lockhart, Steven C. <slockhart@foley.com>, Slovak, Rob <rslovak@foley.com>, Dharnidharka, Rajiv <rajiv.dharnidharka@foley.com>, McGuffey, Nora J. <nora.mcguffey@foley.com>, McPhail, Stephanie L. <smcphail@foley.com>
**Subject:** Peteski Document Production Deficiencies

**\*\*\* EXTERNAL EMAIL MESSAGE \*\*\***

Peteski and Envoy Counsel -

I am writing to raise several troubling deficiencies in the Peteski and Envoy document productions:

1. We have not received a single text message from Jordan or Jay McGraw. Please immediately confirm that you have collected, searched, and reviewed all of Jordan and Jay McGraw's personal emails and text messages. Answering this query should not require any further investigation or analysis. The work has either been done or it has not. Please let us know by 6 PM CT this evening if you have gathered, searched, and reviewed all of Jordan and Jay McGraw's personal emails and text messages of any kind, or if you commit to producing such non-privileged documents by 12 PM CT on Tuesday August 26;

2. We fear that critical Dr. Phil communications have been withheld in contravention of the Court's order. Among other things, we are deeply concerned that Dr. Phil has failed to divulge all of his communications (including text messages) related to Envoy, which is at the heart of the bad faith motion. The MSM production proves that numerous MSM executives have been engaged in a clandestine, concerted campaign (via text message and personal email) to establish Envoy at the expense of MSM's creditors. Dr. Phil is certainly having ongoing discussions with Envoy partners, current employees, prospective employees, collaborators, talent, vendors, counterparties, current or prospective investors, and other Envoy stakeholders. Yet the Peteski production is

6

almost entirely devoid of such communications. Where are all of Dr. Phil's written communications concerning the entity that became Envoy and its continuing operations? Please confirm by 6 PM CT that all Dr. Phil communications (in any form with anyone) concerning Envoy have been produced, or commit to producing all such non-privileged documents by 12 PM CT on Tuesday, August 26. Again, answering this inquiry should not require additional time or analysis. We either have all of those communications or we do not. Communications concerning Envoy are obviously essential to demonstrating the full extent of Dr. Phil and MSM's bad faith on September 2;

3. On a related topic, we now know that Envoy appears to be some type of joint venture with MediaCo. The production to date suggests that Dr Phil's negotiations with MediaCo stretch back to at least May 2025. It is indisputable that Peteksi and/or Dr. Phil communications with MediaCo exist. Yet – remarkably – the Peteksi production contains no communications at all with MediaCo. This is untenable. Communications with MediaCo are directly relevant to demonstrate, at a minimum, how long Dr. Phil has been planning to launch a competing media enterprise to the detriment of MSM and its creditors, and how that plan intersected with the bankruptcy. Furthermore, such communications are necessary to determine whether the estate or other parties have claims directly against MediaCo for knowing participation in a breach of fiduciary duty, aiding-and-abetting breach or fiduciary duty, and/or conspiracy to commit a breach of a fiduciary duty. Finally, there is no legitimate claim that Peteski or Dr. Phil's communications with MediaCo (a counterparty to an MOU) are privileged. Please confirm by 6 PM CT that all Peteski or Dr. Phil communications (via any method) with MediaCo in any way, shape, or form relating to the venture that became Envoy have been produced, or commit to producing all such non-privileged documents by 12 PM CT on Tuesday, August 26. With depositions approaching, time is short. There is no reason Peteski cannot respond to our query today. You have either produced these documents or you have not;

4. Your production contains an alarming dearth of test messages from Dr. Phil. From what we can tell, only 22 text chains were produced from Dr. Phil as a custodian. Dr. Phil produced only 5 texts between June and July of 2025 (two of which contained duplicative content) and none after the petition date. Moreover, dozens of Dr. Phil texts that appear in the MSM and TBN productions were omitted from Peteski's. Please confirm by 6 PM CT that Peteski has produced all relevant text messages from Dr. Phil and explain the discrepancies between the Peteski production and the MSM/TBN productions. Otherwise, confirm that we will have all such additional documents no later than 12 PM Tuesday, August 26;

5. We do not believe we have all relevant documents from Envoy in response to our subpoena. In prior communications, Jackson Walker represented that Envoy did not possess unique responsive documents. To the contrary, the recent MSM production indicates that, in fact, Envoy has established its own email addresses, which have been used to conduct Envoy business. By 6 PM CT tonight, please confirm that Envoy email addresses exist and commit to producing all relevant documents from Envoy by 12 PM CT on Tuesday, August 26. Furthermore, any Envoy communications with MediaCo fall within the scope of the previously issued Envoy subpoena. We will not permit relevant communications to be hidden via a corporate shell game and quibbles over which of Dr. Phil's many interlocking corporate entities was orchestrating communications related to Envoy;

Please respond to the questions above by 6 PM CT. Peteski's refusal to provide relevant discovery has already resulted in significant delays and inefficiencies in the proceedings. We cannot allow it to continue. TBN may have additional concerns about your productions. If these document discovery issues are not resolved, we may be forced to seek sanctions or other relief from the Court. Thank you.

NJS



Nicholas J. Secco
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4955 | NSecco@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.