| | |
|---|---|
| SIDLEY AUSTIN LLP | SIDLEY AUSTIN LLP |
| Thomas R. Califano (24122825) | Stephen Hessler (admitted *pro hac vice*) |
| Jeri Leigh Miller (24102176) | Patrick Venter (admitted *pro hac vice*) |
| 2021 McKinney Avenue, Suite 2000 | 787 Seventh Avenue |
| Dallas, Texas 75201 | New York, New York 10019 |
| Telephone: (214) 981-3300 | Telephone: (212) 839-5300 |
| Facsimile: (214) 981-3400 | Facsimile: (212) 839-5599 |
| Email: tom.califano@sidley.com | Email: shessler@sidley.com |
| jeri.miller@sidley.com | pventer@sidley.com |

*Attorneys for the Debtor
and Debtor in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>MERIT STREET MEDIA, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 25-80156 (SWE) |

### DEBTOR'S RESPONSE TO (I) TRINITY BROADCASTING OF TEXAS, INC. AND TCT MINISTRIES, INC.'S EMERGENCY MOTION FOR CONTEMPT AND SANCTIONS AGAINST PETESKI PRODUCTIONS, INC. AND (II) PROFESSIONAL BULL RIDER'S JOINDER IN SUPPORT OF TRINITY BROADCASTING OF TEXAS, INC. AND TCT MINISTRIES, INC.'S EMERGENCY MOTION FOR CONTEMPT AND SANCTIONS AGAINST PETESKI PRODUCTIONS, INC.

Merit Street Media, Inc., as debtor and debtor in possession (the "Debtor" or "Merit Street")[2] in the above-captioned Chapter 11 Case, submits this response (this "Response")

---

[1] The last four digits of the Debtor's federal tax identification number are 8990. The Debtor's mailing address is 5501 Alliance Gateway Fwy, Fort Worth, TX 76177.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Declaration of Gary Broadbent, Chief Restructuring Officer of the Debtor, in Support of the Debtor's Chapter 11 Proceeding* [Docket No. 14] or *Debtor's Emergency Motion for Entry of Interim and Final Orders (I) Authorizing (A) Postpetition Financing, and (B) the Use of Cash Collateral; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* [Docket No. 11] (the "DIP Motion"), as applicable.

to (i) Trinity Broadcasting of Texas, Inc. and TCT Ministries, Inc.'s ("Trinity") *Emergency Motion for Contempt and Sanctions Against Peteski Productions, Inc.* [Docket No. 303] (the "Contempt & Continuance Motion") and (ii) Professional Bull Rider's ("PBR") *Joinder in Support of Trinity Broadcasting of Texas, Inc. and TCT Ministries, Inc.'s Emergency Motion for Contempt and Sanctions Against Peteski Productions, Inc.* [Docket No. 303] (the "Joinder").

## STATEMENT

1. In its Contempt & Continuance Motion, Trinity alleges that Peteski has failed to abide by this Court's discovery orders and requests. Trinity does not challenge the Debtor's affirmation, as filed with the Court,[3] that the Debtor has satisfied its discovery obligations.[4]

2. Trinity requests, *inter alia*, that the Court either (i) continue the September 2, 2025, hearing or (ii) hold the September 2, 2025, hearing, but issue a negative inference relating to the issue of the Debtor's corporate authority to file this Chapter 11 Case. In short, the relief Trinity seeks would punish the Debtor (and its non-litigant stakeholders), either through (i) further delay of an already greatly delayed case timeline, or (ii) via a negative inference on a key issue—in each case, due to **_Peteski's_** alleged non-compliance with its discovery obligations.

3. Trinity's request to punish the Debtor for Peteski's alleged non-production is entirely unwarranted. The Debtor has not (and Trinity / PBR have not alleged that the Debtor has) engaged in bad faith conduct as to warrant a negative inference on the issue of corporate authority. *See In re Stoker*, No. ADV. 09-3349, 2010 WL 958030, at *2 (Bankr. S.D. Tex. Mar. 10, 2010) (stating "[i]n determining the appropriate sanction, the Court is mindful that an adverse inference

---

[3] *See Debtor's Discovery Status Report* [Docket No. 294] (the "Discovery Status Report").

[4] *See* Contempt & Continuance Motion ¶ 10 (noting the Debtor had fulfilled its intent of "moving heaven and earth" in discovery).

should only be drawn if bad faith conduct has been shown." (citing *Vick v. Texas Employment Commission*, 514 F.2d 734, 737 (5th Cir.1975))).

4. The September 2, 2025, hearing is of critical importance. First, the Court is being asked to rule upon the issue of corporate authority to file this Chapter 11 Case—which the Debtor again respectfully asserts has been briefed, and discovery produced, in amounts amply sufficient for the Court to affirm and allow the Debtor (and Unsecured Creditors' Committee) to resume substantive forward progress in the Debtor's restructuring efforts. Second, the Debtor is again asking the Court to approve its proposed DIP financing for operational and administrative purposes (including to escrow funds for its retained professionals—who remain hard at work in the still-expanding litigation between non-Debtor parties—while bearing the extraordinary risk of nonpayment).[5]

5. However, if the continuance requested in the Contempt & Continuance Motion is granted, these issues will yet again go unresolved, the Debtor's restructuring case—and all its non-litigation stakeholders, particularly unsecured creditors—and its retained professionals—will be subjected to further extended uncertainty and risk—will have no recourse but to watch a growing pile of administrative claims accrue, via the efforts of non-debtor litigants with parochial interests.

6. As explained in the Discovery Status Report, the Debtor has reviewed over 69,000 business emails, personal emails, and text messages of its custodians. From the foregoing, the Debtor has produced over 6,800 documents, consisting of over 23,000 pages. After the Court granted Trinity's and PBR's motion to compel on August 14, 2025, the Debtor collected additional emails and text messages from the court-ordered custodians (including five new custodians first

---

[5] *See In re Prospect Medical Holdings, Inc. et al.*, (Case No. 25-80002), *Transcript of Hearing Held 01/14/2025* [Docket No. 47] at 121:17–22 (rejecting arguments that escrowing professional fees could be deferred and finding immediate escrowing necessary because it is "a normal ask" and the Prospect Debtors would be "out of money" without the full DIP amount.).

requested by Trinity and PBR on August 10, 2025), ran the 67 court-ordered search strings (including terms that were first proposed by Trinity and PBR on August 10, 2025), reviewed nearly 47,000 additional emails and text messages, and produced over 5,500 additional documents.

7. In summary, the Debtor has spun production into overdrive in an attempt to ensure that the upcoming hearing on September 2, 2025, is not pushed to a later date.

8. The Debtor reiterates the position it outlined in <u>Appendix A</u> to the *Debtor's Emergency Response to the Joint Emergency Motion of Trinity Broadcasting of Texas, Inc. and TCT Ministries, Inc. and Professional Bull Riders LLC to (I) Continue Certain Matters Set for Hearing on August 19, 2025, (II) Enter an Order Scheduling Related Deadlines, and (III) Granting Relating Relief* [Docket No. 235] and maintains that the relevant documents and facts noted in the *Debtor's Objection to Trinity Broadcasting of Texas, Inc. and TCT Ministries, Inc.'s Emergency Motion for an Order: (I) Dismissing Debtor's Chapter 11 Case, (II) Converting the Case to Chapter 7, or (III) Appointing a Chapter 11 Trustee* [Docket No. 200] are dispositive as to the issue of the Debtor's corporate authority. The Debtor respectfully reiterates the Court could decide this issue via judicial notice—or upon hearing limited argument and evidence this Tuesday—or could issue a threshold ruling, subject to revision if additional evidence becomes available. The two litigants have repeatedly failed to identify any issues that go to the veracity of the documents highlighted by the Debtor. This pending issue need not (and should not) be a reason to continue to deny the Debtor a ruling on another DIP draw.

9. The Debtor will file a Final DIP Order reflecting the relief requested in the DIP Motion. The DIP Motion was duly filed, adequately noticed, and should be heard. The Debtor's professionals remain unaware of any similar case precedent, in this District or elsewhere, where a distressed company has been deprived of the opportunity to obtain a ruling on a request for

professional fee funding due to the pendency of a motion challenging the case more broadly. And two litigation parties, in possession of dispositive documents on the issue of corporate authority, should not be allowed to weaponize the alleged document production issues of a third party (even a DIP lender) to further extend a hearing the Debtor desperately needs.

10. Accordingly, the Debtor respectfully requests that the Court deny the relief sought in the Contempt & Continuance motion to the extent it seeks to (i) continue the September 2, 2025, hearing or (ii) request a negative inference with regard to the issue of the Debtor's corporate authority to file this Chapter 11 Case. To the extent the Court finds it necessary to continue the hearing as it relates to *Trinity Broadcasting of Texas, Inc. and TCT Ministries, Inc.'s Emergency Motion for an Order: (I) Dismissing Debtor's Chapter 11 Case, (II) Converting the Case to Chapter 7, or (III) Appointing a Chapter 11 Trustee* [Docket No. 100], the Debtor respectfully requests that the Court still hear and grant the relief requested in the DIP Motion (or otherwise approve amounts sufficient to compensate the estate professionals' extensive efforts on behalf of the estate) at the September 2, 2025, hearing. If neither the dismissal motion or DIP hearing are allowed to go forward next Tuesday, the Debtor will have to determine whether to refile its consent to the requested dismissal of the Chapter 11 Case or motion to allow withdrawal of one or more professionals.

[*Remainder of page left intentionally blank.*]

Dated: August 28, 2025
Dallas, Texas

/s/ *Jeri Leigh Miller*

**SIDLEY AUSTIN LLP**
Thomas R. Califano (24122825)
Jeri Leigh Miller (24102176)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
Email: tom.califano@sidley.com
jeri.miller@sidley.com

*and*

Stephen Hessler (admitted *pro hac vice*)
Patrick Venter (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: shessler@sidley.com
pventer@sidley.com

*Attorneys for the Debtor
and Debtor in Possession*

**Certificate of Service**

I certify that on August 28, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Jeri Leigh Miller*
Jeri Leigh Miller