**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

In re:

MERIT STREET MEDIA, INC.[1]

　　　　Debtor.

Chapter 11

Case No. 25-80156 (SWE)

**Re: Docket Nos. 100, 151**

**PETESKI PRODUCTIONS, INC.'S PROPOSED FINDINGS OF FACT AND**
**CONCLUSIONS OF LAW PURSUANT TO ITS MOTION FOR JUDGMENT ON**
**PARTIAL FINDINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 52(C)**

Pursuant to Peteski Productions, Inc.'s ("Peteski") Motion for Judgment on Partial Findings Pursuant to Federal Rule of Civil Procedure 52(c) ("Motion"), Peteski hereby submits its partial Proposed Findings of Fact and Conclusions of Law related to corporate authority of the Debtor in filing this chapter 11 proceeding:

---

[1] The last four digits of the Debtor's federal tax identification number are 8990.  The Debtor's mailing address is 5501 Alliance Gateway Fwy, Fort Worth, TX 76177.

### I.    PROPOSED FINDINGS OF FACT PERTAINING TO CORPORATE AUTHORITY FINDING

1.    On March 5, 2024, APG Ventures, Inc. ("APG") elected Dr. McGraw, Matthew Crouch ("Mr. Crouch"), and Samuel Smadja ("Mr. Smadja") as directors of the Board of Directors of APG (the "Board") and adopted and approved the Bylaws of APG Ventures, Inc. (the "Bylaws").

2.    On March 5, 2024, APG along with TBN and Peteski, as Investors in APG, executed a Voting Agreement dated as of March 5, 2024 (the "Voting Agreement"), which is governed by Delaware law.

3.    On March 7, 2024, the Charter was amended to change the name of APG to Merit Street Media, Inc. ("MSM" or the "Debtor" in this Bankruptcy Case).

4.    On August 8, 2024, Debtor, Peteski, and TBN executed the Stock Confirmation Agreement. Peteski delivered to Jim Mittan, the Chief Financial Officer of Debtor, a check dated August 8, 2024, for $7,000.02 payable to the Debtor for the 500,001 shares of stock it was purchasing under the Stock Confirmation Agreement.  The check was deposited by the Debtor on the same day. A stock certificate was then issued to Peteski for 500,001 shares of Debtor's common stock.

5.    The Voting Agreement was automatically terminated upon effectiveness of the Stock Confirmation Agreement on August 8, 2024, as an acquisition of "at least a majority of the outstanding shares of capital stock" caused a mandatory automatic termination.

6.    Subsequently, Peteski executed the Written Consent of the Stockholders of Merit Street Media, Inc. (the "August Consent") and amended the Bylaws (the "Amended Bylaws").

7.    On or about February 20, 2025, Peteski and Trinity as Debtor's Stockholders and Dr. McGraw as Debtor's Director executed a Joint Written Consent of the Stockholders and Board of Directors (the "February Joint Written Consent"). Prior to executing the February Joint Written

Consent, Mr. Casoria specifically inquired about the inclusion of Dr. McGraw as sole Director of Debtor in various provisions, and executed the February Joint Written Consent with knowledge of its representations, approvals, and effects regarding the makeup of the Board. Mr. Casoria and other executives of Trinity were also made aware of the makeup of the Board reflected in the February Joint Written Consent prior to Mr. Casoria's execution of the same on behalf of Trinity.

8.      Subsequent to execution of the February Joint Written Consent by Debtor, TBN, and Peteski, the Debtor filed its TX Certificate of Formation with the Texas Secretary of State, declaring publicly that Dr. McGraw was the sole director of the Board of the Debtor.

9.      On June 18, 2025,  Dr. McGraw, as the sole member of the Board, appointed Gary Broadbent ("Mr. Broadbent") as an independent director and CRO. As part of that appointment, the Board created a special committee of the Board (the "Special Committee") and delegated to Mr. Broadbent, as independent director and sole member of the Special Committee, the exclusive authority to establish, approve, modify, monitor, and direct the process and procedures related to the review and effectuation of a potential restructuring transaction or any alternative thereto.

10.     The Special Committee authorized the Debtor to commence voluntary proceedings under chapter 11 of the Bankruptcy Code on July 1, 2025.

## II.      **PROPOSED CONCLUSIONS OF LAW**

11.     The Stock Confirmation Agreement is an unambiguous contract under applicable law.[2] There is no term in the Stock Confirmation Agreement that is reasonably or fairly susceptible of different interpretations or may have two or more different meanings.[3]

12.     The Stock Confirmation Agreement was executed by Peteski for consideration.

---

[2] RSUI Indem. Co. v. Murdock, 248 A.3d 887, 906 (Del. 2021).

[3] *Id.*

Specifically, the "detriment" to Peteski was a $7,000.02 payment to Debtor in exchange for the received "benefit" of 500,001 shares of Debtor's common stock.[4] The existence of consideration satisfies the requirements of Delaware law.[5]

13.     The Stock Confirmation is a valid, enforceable contract, and was fully executed and effective as of August 8, 2024.

14.     The Stock Confirmation Agreement resulted in Peteski's acquisition of 500,001 shares of Debtor, which is unquestionably the majority of Debtor's outstanding shares. It thereby constituted a "consummation of a change of control transaction involving the transfer, acquisition or sale of at least a majority of the outstanding shares of capital stock of the Company." This automatically terminated the Voting Agreement by its own terms.

15.     Dr. McGraw's execution of the August Consent on behalf of Peteski—the majority shareholder—and related Amended Bylaws were permissible and valid under the Bylaws and related corporate documents of Debtor, and effective as of August 8, 2024.

16.     The Joint February Written Consent is an unambiguous contract under applicable law.[6] There is no term in the Joint February Written Consent that is reasonably or fairly susceptible of different interpretations or may have two or more different meanings.[7]

17.     Trinity's agreement to and execution of the Joint February Written Consent amounted to an amendment or waiver of the Bylaws, as well as an amendment to the Voting Agreement. Mr. Casoria was authorized to execute the Joint February Written Consent on behalf of Trinity. The Joint February Written Consent ratified the removal of Mr. Crouch and Mr. Smadja

---

[4] Cox Commc'ns, Inc. v. T-Mobile US, Inc., 273 A.3d 752, 764 (Del. 2022)

[5] *Id.*

[6] RSUI Indem. Co. v. Murdock, 248 A.3d 887, 906 (Del. 2021).

[7] *Id.*

from the Broad, and the appointment of Dr. McGraw as the sole Director of the Board.

18.      Trinity was aware of the "material facts" pertaining to the appointment of Dr. McGraw as the sole director prior to Trinity's execution of the February Joint Written Consent.[8] Under applicable law, Trinity's agreement to and execution of the February Joint Written Consent with knowledge of material facts amount to ratification of Dr. McGraw's appointment as sole director of Debtor effective February 20, 2025.

19.      Dr. McGraw was Debtor's sole director of Debtor when he appointed Mr. Broadbent as Debtor's CRO and created the Special Committee. The Special Committee's delegation to Mr. Broadbent, as independent director and sole member of the Special Committee, of the exclusive authority to establish, approve, modify, monitor, and direct the process and procedures related to the review and effectuation of a potential restructuring transaction or any alternative thereto was authorized and valid under applicable law. The Special Committee authorized the Debtor to commence voluntary proceedings under chapter 11 of the Bankruptcy Code on July 1, 2025 was done with requisite corporate authority under applicable law.

20.      This Court has jurisdiction to adjudicate this Bankruptcy Case.

###End of Order###

---

[8] *BPX Operating Co. v. Strickhausen*, 629 S.W.3d 189, 196 (Tex. 2021); *Lifshutz v. Lifshutz*, 199 S.W.3d 9, 21 (Tex. App.—San Antonio 2006, pet. denied); *Dyer v. Shafer, Gilliland, Davis, McCollum & Ashley, Inc.*, 779 S.W.2d 474, 478 (Tex. App.—El Paso 1989, writ denied).

PREPARED AND SUBMITTED BY:


/s/ *Christopher Bankler*

**JACKSON WALKER LLP**
Charles L. Babcock (TX Bar No. 01479500)
Bruce J. Ruzinsky (TX Bar No. 17439425)
Matthew D. Cavenaugh (TX Bar No. 24062656)
Emily Meraia (TX Bar No. 24129307)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4200
Email: cbabcock@jw.com
Email: bruzinsky@jw.com
Email: mcavenaugh@jw.com
Email: emeraia@jw.com


Carl C. Butzer (TX Bar No. 03545900)
Christopher Bankler (TX Bar No. 24066754)
Minoo S. Blaesche (TX Bar No. 24075102)
Vienna F. Anaya (TX Bar No. 24091225)
William T. Farmer (TX Bar No. 24127156)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone: (214) 953-6047
Email: cbutzer@jw.com
Email: cbankler@jw.com
Email: mblaesche@jw.com
Email: vanaya@jw.com
Email: wfarmer@jw.com

*Counsel for Peteski Productions, Inc.*