**RESOLUTIONS OF THE BOARD OF DIRECTORS**
**OF MERIT STREET MEDIA, INC.**
June 30, 2025

Reference is made to the Bylaws of APG Ventures, Inc. (the "**Organizational Documents**") (as such may be modified, amended, or supplemented from time to time) of Merit Street Media, Inc., a Texas corporation (the "**Company**"). Capitalized terms not otherwise defined herein shall have the meaning attributed to such terms in the Organizational Documents.

1. **Appointment of Gary Broadbent as an Independent Director of the Board**

    **WHEREAS**, (i) pursuant to the Organizational Documents of the Company, the number of directors of the Board of may be fixed from time to time by the Board; and (ii) pursuant to the Organizational Documents of the Company, the Board may fill any vacancies arising from an increase in the number of directors by an affirmative vote of the Board;

    **WHEREAS**, the Board of the Company desires to increase the size of the Board by one director, effective immediately;

    **WHEREAS**, the Board of the Company believes it to be advisable and in the best interest of the Company to appoint Gary Broadbent as an independent director of the Board of the Company, effective as of June 18, 2025;

    **WHEREAS**, the Board of the Company is familiar with the qualifications of Gary Broadbent and any relationships he has with the Company and has determined Gary Broadbent to be qualified to serve as an independent director of the Board;

    **WHEREAS**, Gary Broadbent is not an officer or employee of the Company, has no prior or current affiliation, material business, or relationship, direct or indirect, with the Company, and is independent within the meaning of all applicable laws, rules and regulations;

    **NOW, THEREFORE, BE IT RESOLVED**, that the Board of the Company increases the size of the Board by one director, effective as of June 18, 2025;

    **FURTHER RESOLVED**, that, effective as of June 18, 2025, the Board hereby elects and appoints Gary Broadbent to fill such newly created vacancy as independent director of the Board, to hold office and to serve as independent director of the Board until his successor is duly elected and qualified or until his earlier death, resignation or removal; and

    **FURTHER RESOLVED**, that all acts and deeds of any officer of director of the Company taken prior to the date hereof to carry out the intent and accomplish the purposes of the foregoing resolutions are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Company.

2. **Approval of Independent Director Agreement for Gary Broadbent**

    **WHEREAS**, pursuant to these resolutions, Gary Broadbent is to be appointed as an independent director of the Board of the Company effective as of June 18, 2025; and

25-bk-80156
TBN EXHIBIT
302

302-0001

Exhibit#
Broadbent 03
08/06/2025

Confidential    MSM0001384

**WHEREAS**, the Board has determined it is advisable and in the best interests of the Company to enter into an independent director agreement (the "***Director Agreement***") with Gary Broadbent (as a member of the Board of the Company) (hereinafter, the "***Independent Director***") to establish, among other things, the term, responsibilities, and compensation of the Independent Director as a director of the Board, which Director Agreement shall be substantially in the form presented to the Board, as applicable, for review.

**NOW, THEREFORE, BE IT RESOLVED**, that the Board of the Company hereby authorizes the execution, delivery, and performance under the Director Agreement with the Independent Director (as a member of the Board of the Company), substantially in the form presented to the Board for review, and the officers and directors of the Company, any one of whom may act without the joinder of any of the others, are hereby authorized, empowered and directed, in the name and on behalf of the Company, to execute and deliver (including by electronic or comparable method) the Director Agreement, with such changes therein and additions thereto as any such officer, in his or her reasonable discretion, may deem necessary, appropriate or advisable;

**FURTHER RESOLVED**, that the Company is hereby authorized to pay the Independent Director the compensation set forth in the Director Agreement and reimburse him for reasonable, documented business related expenses incurred in good faith in the performance of the Independent Director's duties for the Company;

**FURTHER RESOLVED**, that all acts and deeds of the Independent Director prior to the date hereof to carry out the intent and accomplish the purposes of these resolutions are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Board or Company, as applicable; and

**FURTHER RESOLVED**, that all acts and deeds of any officer of the Company taken prior to the date hereof to carry out the intent and accomplish the purposes of the foregoing resolutions are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Company.

3. **Establishment of Special Committee of the Board**

**WHEREAS**, pursuant to the Company's Organizational Documents, the Board is permitted to establish committees to have and exercise all powers of Board in the management of the business and affairs of the Company (other than as specifically set forth therein); and

**WHEREAS**, the Board, having received the available materials and considered the alternatives and the benefits to the Company, has determined in its good faith judgment that it is in the best interests of the Company to create and establish a committee of the Board (the "***Special Committee***") in connection with certain Strategic Options and Claims (each as defined below) of the Company, which shall each be governed by a charter of the Special Committee (the "***Special Committee Charter***"), in substantially the form attached hereto as **Exhibit A**, and to irrevocably delegate to the Special Committee the duties, rights, and authority of the Special Committee as set forth in the Special Committee Charter.

Confidential                                                                                                                                                         MSM0001385

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable to create and establish a Special Committee, which shall carry out its duties, rights, and authority as provided in the Special Committee Charter;

**FURTHER RESOLVED,** that the Board delegates to the Special Committee the duties, rights, and authority as set forth in the Special Committee Charter;

**FURTHER RESOLVED**, that the Board hereby appoints the Independent Director to serve as the sole members of the Special Committee, until a successor is duly elected and qualified, or if earlier, until death, resignation, or removal by the Board in accordance with the Company's Organizational Document, for the purposes of performing the duties, rights, and authority of the Special Committee set forth in the Special Committee Charter and such other duties, rights, and authority related thereto as may be reasonably determined by the Special Committee to be reasonably related thereto;

**FURTHER RESOLVED**, that the purpose of the Special Committee is to: (a) review, evaluate, negotiate, propose, approve, and/or enter into strategic options with respect to the Company with respect to potential transactions, including but not limited to a sale, financing, restructuring, reorganization, recapitalization, bankruptcy, insolvency, or other transaction ("*Strategic Options*"); and (b) review, negotiate, evaluate, propose, approve, and/or enter into settlement terms and conditions in response to, arising from, in connection with or related to any potential claims or causes of action of the Company ("*Claims*") and direct the prosecution of the Claims and/or opposition of any claims related to the Claims, including, without limitation, the litigation of such Claims and/or related claims;

**FURTHER RESOLVED**, that, to the fullest extent permitted under applicable law, the Board hereby delegates to the Special Committee the authority to, on behalf of the Board and as it deems appropriate or desirable in its discretion, take any action with respect to the Strategic Options and Claims, as determined in the sole judgment of the Special Committee, including, but not limited to: (a) review, evaluate, negotiate, propose, approve, and/or enter into any Strategic Options; (b) any release or settlement of Claims, if any; and (c) any decision regarding all or part of a Claim;

**FURTHER RESOLVED**, that the Special Committee shall control any attorney-client work product, or other privilege belonging to the Company in connection with the Strategic Options and Claims;

**FURTHER RESOLVED**, that the Special Committee shall have the power and authority to establish such rules of order and other administrative and ministerial matters as it may determine from time to time to be necessary or appropriate to its orderly functioning and its deliberations, and any and all materials related thereto shall be kept confidential and not shared with any other members of the Board or management of the Company or any other party, other than any legal, financial or other advisors or agents of the Special Committee;

**FURTHER RESOLVED**, that the Special Committee is hereby authorized and empowered, at the expense of the Company, to retain and employ and to enter into contracts

3

Confidential

providing for the retention of, or direct the Company to retain and employ and enter into contracts providing for the retention of, legal, financial, and other advisors to advise and assist it in connection with fulfilling its duties and functions as are authorized in these resolutions, and that the Company is hereby authorized and empowered to pay or cause to be paid all reasonable fees, expenses, and disbursements of such legal and financial advisors and other agents or advisors;

**FURTHER RESOLVED**, that the Special Committee will regularly and timely update the Board at board meetings regarding any investigation, analysis, and decisions made with regard to the any Strategic Options and Claims, in each case in the manner that the Special Committee determines appropriate and necessary to fulfill its duties and obligations, taking into account the confidentiality of the Special Committee's work;

**FURTHER RESOLVED**, that the Special Committee be, and it hereby is, authorized to obtain such information regarding the Company, and to obtain such assistance from the officers, employees, agents, and advisors of the Company as the Special Committee may deem to be necessary or appropriate; and

**FURTHER RESOLVED**, that the Special Committee be, and it hereby is, authorized and empowered to determine its own procedures, to hold meetings (including telephonic meetings) at such locations as it determines to be appropriate, and to act by unanimous written consent of its members in lieu of a meeting, to the fullest extent permitted by the applicable provisions of the Organizational Documents and applicable law.

4. **General Authorization**

**RESOLVED,** that if resolutions in any particular form are required or advisable to be adopted in connection with the matters contemplated by the foregoing resolutions, such resolutions shall be deemed to have been adopted in the required form with the same force and effect as if set forth herein at length, and the secretary of the Company shall be authorized to certify on behalf of the Company as to the adoption of such resolutions, provided that copies thereof shall thereafter be filed in the Company's records of corporate proceedings;

**FURTHER RESOLVED**, that the directors and officers of the Company be, and each of them hereby is, authorized and directed, for and on behalf of the Company, to take all actions, and do or cause to be done any and all other acts, including, without limitation, execution of any and all papers, agreements, documents, instruments and certificates of the Company in order to carry out the purposes and intent of the foregoing resolutions, and the performance of any such actions and acts, and the execution by the officers of any such papers, agreements, documents, instruments and certificates, shall conclusively establish their authority therefore;

**FURTHER RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and

Confidential MSM0001387

**FURTHER RESOLVED**, that any and all actions taken by the directors or the officers of the Company on or prior to the date hereof, in connection with the actions contemplated by these resolutions be, and the same hereby are, in all respects ratified, confirmed, approved and adopted as acts on behalf of the Company.

5

Confidential MSM0001388

# Exhibit A

## Special Committee Charter

Confidential MSM0001389

**CHARTER OF THE SPECIAL COMMITTEE
OF THE BOARD OF DIRECTORS
(Adopted June 30, 2025)**

I. **Purpose**

The purpose of the Special Committee (the "*Committee*") of the Board of Directors (the "*Board*") of Merit Street Media, Inc. (the "*Company*") is to engage in the evaluation of strategic options and certain claims and causes of action with respect to the Company. More specifically, subject to Section III hereof, the Board delegates to the Committee the authority to:

A. review, evaluate, negotiate, propose, approve, and/or enter into strategic options with respect to the Company with respect to potential transactions, including but not limited to a sale, financing, restructuring, reorganization, recapitalization, bankruptcy, insolvency, or other transaction ("*Strategic Options*"); and

B. review, negotiate, evaluate, propose, approve, and/or enter into settlement terms and conditions in response to, arising from, in connection with or related to any potential claims or causes of action of the Company ("*Claims*") and direct the prosecution of the Claims and/or opposition of any claims related to the Claims, including, without limitation, the litigation of such Claims and/or related claims.

II. **Organization, Committee Membership and Meetings**

A. The Committee shall be initially comprised of one (1) member of the Board. The member of the Committee shall be appointed by the Board, and may be removed by the Board at any time with or without cause. The Committee shall initially consist of Gary Broadbent.

B. The Committee shall meet as necessary to enable it to fulfill its responsibilities and duties as set forth herein. The Committee may request any officer or employee of the Company or the Company's outside counsel or independent advisors to attend a Committee meeting or to meet with any members of, or consultants to, the Committee.

C. The Committee shall maintain a separate book of minutes of its proceedings and actions.

III. **Committee Authority, Duties and Responsibilities**

A. In addition to any other responsibilities which may be assigned from time to time by the Board, the Committee has the following responsibilities and authority:

1. Strategic Options

Confidential MSM0001390

      i. The Committee shall review, evaluate, negotiate, propose, approve and/or enter into Strategic Options.

      ii. The Committee shall control any attorney-client work product, or other privilege belonging to the Company in connection with the Strategic Options.

2. Claims

      i. The Committee shall review, negotiate, evaluate, propose, approve, and/or enter into settlement terms and conditions in response to, arising from, in connection with, or related to the Claims or directing the prosecution of the Claims and/or opposition of any claims related to the Claims, including, without limitation, the litigation of such Claims and/or related claims.

      ii. The Committee shall control any attorney-client work product, or other privilege belonging to the Company in connection with the Claims.

**IV. Other Matters**

1. The Committee shall have the power and authority to establish such rules of order and other administrative and ministerial matters as it may determine from time to time to be necessary or appropriate to its orderly functioning and its deliberations, and any and all materials related thereto shall be kept confidential and not shared with any other members of the Board, or management of the Company or any other party, other than any legal, financial or other advisors or agents of the Committee.

2. The Committee is hereby authorized and empowered, at the expense of the Company, to retain and employ and to enter into contracts providing for the retention of, or direct the Company to retain and employ and enter into contracts providing for the retention of, legal, financial, and other advisors to advise and assist it in connection with fulfilling its duties and functions as are authorized in this Charter, and that the Company is hereby authorized and empowered to pay or cause to be paid all reasonable fees, expenses, and disbursements of such legal and financial advisors and other agents or advisors.

3. The officers of the Company and the Company's advisors are authorized and directed to: (i) provide the Committee and any of their legal, financial or other advisors and agents, such information and materials as may be useful or helpful in the fulfillment of the Committee's functions as are authorized herein or as may be determined by the Committee to be necessary or appropriate; and (ii) comply with the rules of order and other administrative and ministerial matters the Committee may establish from time to time, in the case of each of clauses (i) and (ii), in connection with the fulfillment of such duties and functions.

4. The officers of the Company shall be, and each of them individually hereby is, authorized for and on behalf of the Company to do and perform all such acts to

8

effectuate the purposes and intents of this Charter and to enter into, execute, and deliver all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents, that in their business judgment are necessary or appropriate to effectuate and carry out the purposes and intent of this Charter (such determination to be conclusively evidenced by the taking of such action or execution thereof).

5. The Committee will regularly and timely update the Board at board meetings regarding any investigation, analysis, and decisions made with regard to any Strategic Options and Claims, in each case in the manner that the Committee determines appropriate and necessary to fulfill their duties and obligations, taking into account the confidentiality of the Committee's work.

6. The Committee shall perform any other activities consistent with this Charter, the Organizational Documents and governing law, as the Committee deems necessary or appropriate.

7. In performing its duties hereunder, the Committee shall at all times act in good faith in a manner consistent with the best interests of the Company, giving due consideration to the Company's financial condition and its size.

8. The Committee shall periodically review and assess the adequacy of this Charter and recommend any proposed changes to the Board. This Charter may be adopted, amended or repealed by the Board, upon recommendation by the Committee, the Board, or management.

Confidential                                                                                              MSM0001392

## Exhibit B

**Director Agreement**

Confidential
MSM0001393

## DIRECTOR AGREEMENT

**THIS DIRECTOR AGREEMENT** (the "Agreement") is made as of June 19, 2025, by and between Merit Street Media, Inc. (the "Company") and Broadbent Advisors LLC ("Director").

## BACKGROUND

**WHEREAS**, the Company desires and has requested that Gary Broadbent serve as an independent Director of the Company; and

**WHEREAS**, the Company and Director are entering into this Agreement to induce Director to serve in the capacity set forth above and to set forth certain understandings between the parties.

## AGREEMENT

**NOW, THEREFORE**, in consideration of the mutual agreements and promises contained herein, and other good and valuable consideration, the adequacy and sufficiency of which are hereby acknowledged, the Company and Director hereby agree as follows:

1. **DUTIES**. Director agrees to serve as an independent Director of the Company and to be available to perform the duties consistent with such position pursuant to the organizational documents of the Company (the "Organizational Documents") and the laws of the state of Texas. The Company acknowledges that Director currently holds certain other positions ("Other Employment") and agrees that Director may maintain such positions, *provided* that such Other Employment shall not materially interfere with Director's obligations under this Agreement. Director confirms that he will be able to devote sufficient time and attention to the Company as is necessary to fulfill his responsibilities as a Director of the Company and that the Other Employment will not in any way impact the Director's independence. Such time and attention shall include, without limitation, participation in telephonic and/or in-person meetings of the Company's board of directors or similar governance body (the "Board"). Director also represents that the Other Employment shall not interfere with Director's obligations under this Agreement. Without limiting the generality of the foregoing, Director confirms that he is independent (as such term has been construed under Texas law). Director also confirms that (a) he does not possess material business, close personal relationships or other affiliations, or any history of any such material business, close personal relationships or other affiliations, with the Company's equity holders or any of their respective corporate affiliates that would cause Director to be unable to (i) exercise independent judgment based on the best interests of the Company or (ii) make decisions and carry out his responsibilities as a Director of the Company, in each case in accordance with the terms of the Organizational Documents and applicable law, and (b) he has no existing or former relationship or affiliation of any kind with any competitor of the Company. By execution of this Agreement, Director accepts his appointment or election as independent Director of the Company, and agrees to serve in such capacity subject to the terms of this Agreement.

2. **TERM**. The initial term of this Agreement shall be for a period of four (4) months from the date hereof (the "Initial Term") and shall continue on a monthly basis thereafter (each such additional month, an "Additional Term"); *provided* that either the Company or Director may

302-0011

Confidential MSM0001394

terminate this agreement on thirty (30) days' written notice to the other party after the expiration of the Initial Term.

3. **COMPENSATION**. For the services to be rendered by Director hereunder, the Company agrees to pay Director a monthly fee of $37,500 (the "Monthly Fee"), with the Monthly Fees for the Initial Term due and payable upon execution of this Agreement and thereafter such Monthly Fees shall be due and payable in advance on the first day of each Additional Term.

4. **EXPENSES**. In addition to the compensation provided in Section 3 hereof, the Company will reimburse Director for reasonable business-related expenses incurred in good faith in the performance of Director's duties for the Company. Such payments shall be made by the Company upon submission by Director of a written statement itemizing the expenses incurred. Such statement shall be accompanied by sufficient documentary matter to support the expenditures.

5. **CONFIDENTIALITY**. The Company and Director each acknowledge that for Director to perform his duties, Director shall necessarily be obtaining access to certain confidential information concerning the Company and its affiliates (the "Company Group"), including, but not limited to, the geological, geophysical, economic, financial or management aspects of the business, operations, properties or prospects of the Company Group, whether oral or in written form ("Confidential Information"). Director covenants that he shall not, either directly or indirectly, in any manner, utilize or disclose to any person, firm, corporation, association or other entity any Confidential Information, except: (a) to the members of the Company Group and their respective officers, directors, employees, advisors, and other representatives, in each case to the extent reasonably necessary for Director to discharge his duties hereunder; (b) as required by law; (c) pursuant to a subpoena or order issued by a court, governmental body, agency or official; or (d) to the extent such information (i) is generally known to the public, (ii) was known to Director prior to its disclosure to Director by the Company, (iii) was obtained by Director from a third party which, to Director's knowledge, was not prohibited from disclosing such information to Director pursuant to any contractual, legal or fiduciary obligation, or (iv) was independently derived by Director without any use of Confidential Information. This Section 5 shall continue in effect after Director has ceased acting as Director of the Company.

6. **INDEMNIFICATION**.

    (a) **Certain Definitions.** For purposes of this Section 6, the term:

        (i) **"Expenses"** means all expenses, liabilities and losses (including, without limitation, attorneys' fees, retainers, expert and witness fees, disbursements and expenses of counsel, judgments, fines, excise taxes or penalties and amounts paid or to be paid in settlement) actually and reasonably incurred or suffered by Director or on Director's behalf in connection with a Proceeding.

        (ii) **"Proceeding"** means any threatened, pending, actual or completed action, suit, inquiry or proceeding, whether civil, criminal, administrative or investigative, whether public or private, and, including any such threatened, pending, actual or completed action, suit, inquiry or proceeding by or in the right of the Company.

2

Confidential

(b)     **Indemnification**. In the event that Director was or is made a party or is threatened to be made a party to or is involved (including, without limitation, as a witness) in any Proceeding by reason of the fact that Director or is or was an independent Director of the Company and, whether the basis of such Proceeding is alleged action in an official capacity as an independent Director of the Company, or as an officer, employee, trustee or agent of the Company while serving as an independent Director of the Company, the Company shall indemnify and hold harmless Director to the fullest extent authorized by Texas law or any other applicable law or rule, but no less than to the extent set forth herein, against all Expenses.

(c)     **Presumptions**. If, under Texas law, the entitlement of Director to be indemnified hereunder shall depend upon whether Director shall have acted in good faith and in a manner Director reasonably believed to be in or not opposed to the best interests of the Company, and, with respect to criminal Proceedings, had no reasonable cause to believe Director's conduct was unlawful, or shall have acted in accordance with some other defined standard of conduct, or whether fees and disbursements of counsel and other costs and amounts are reasonable, the burden of proof of establishing that Director has not acted in accordance with such standard and that such costs and amounts are unreasonable shall rest with the Company, and Director shall be presumed to have acted in accordance with such standard, such costs and amounts shall be conclusively presumed to be reasonable and Director shall be entitled to indemnification unless, and only unless, it shall be determined by a court of competent jurisdiction (after exhaustion or expiration of the time for filing of all appeals) that Director has not met such applicable standard, with respect to the amount of indemnification, that such costs and amounts are not reasonable (in which case Director shall be indemnified to the extent such costs and amounts are determined by such court to be reasonable).

The provisions of this Section 6(c) shall not be deemed to be exclusive or to limit in any way the circumstances in which a person may be deemed to have met the applicable standard of conduct, if applicable, under Texas law.

(d)     **Indemnification When Wholly or Partly Successful**. Without limiting the scope of indemnification provided in Section 6(b), to the extent that Director is a party to and is successful, on the merits or otherwise, in any Proceeding, Director shall be indemnified to the maximum extent permitted by Texas law against all Expenses. If Director is not wholly successful in a Proceeding but is successful, on the merits or otherwise, as to one or more but less than all claims, issues or matters in such Proceeding, the Company shall indemnify Director against all Expenses actually and reasonably incurred by Director and on Director's behalf in connection with each successfully resolved claim, issue or matter, and shall otherwise indemnify Director to the extent required by Section 6(b). All Expenses shall be presumed to have been incurred with respect to successfully resolved claims, issues and matters unless, and only unless, based upon the applicable standard (with the burden of proof being on the Company), it shall be determined by a court of competent jurisdiction (after exhaustion or expiration of the time for filing of all appeals) that a portion of such Expenses were incurred with respect to unsuccessfully resolved claims, issues or matters. For purposes of this Section 6(d) and without limitation, the termination of any claim, issue or matter in any Proceeding by dismissal, with or without prejudice, shall be deemed to be a successful result as to such claim, issue or matter.

Confidential                                                                                                                    MSM0001396

(e) **Suit to Recover Indemnification**. If a claim under Section 6(b) or Section 6(h) of this Agreement is not paid in full by the Company within thirty (30) days after a written claim has been received by the Company, Director may at any time thereafter assert an administrative claim against the Company to recover the unpaid amount of the claim. The expenses incurred by Director in bringing such claim (whether or not Director is successful) shall be paid by the Company unless a court of competent jurisdiction determines that each of the material assertions made by Director in such suit was not made in good faith and was frivolous.

(f) **Rights Not Exclusive; Rights Continue**. The right to indemnification and the payment of expenses incurred in defending any Proceeding in advance of its final disposition conferred in this Agreement shall not be exclusive of, or limit in any manner whatsoever, any other right which Director may have or hereafter acquire under any statute, provision of the Organizational Documents, agreement, vote of equity holders or otherwise. The indemnification, expense advancement and other rights of Director herein shall continue after Director ceases to be a Director for so long as Director may be subject to any possible claim for which he would be entitled to indemnification under this Agreement or otherwise as a matter of law, and shall not be amended, modified, terminated, revoked or otherwise altered without Director's prior written consent.

(g) **Insurance**. The Company or one of its affiliates (which, in the case of an affiliate, shall include coverage of directors and officers of the Company) shall maintain insurance to protect the Company and any director, officer, or trustee of the Company against any expense, liability or loss, and such insurance shall cover Director to at least the same extent as any other director or officer of the Company; *provided* that the Company shall maintain customary director and officer insurance in form, amounts, and substance reasonably satisfactory to Director. Director shall have the right to receive a copy of any policy for such insurance upon request.

(h) **Advancement of Defense Costs**. Notwithstanding anything in the Organizational Documents to the contrary, the Company shall also promptly pay Director the expenses actually and reasonably incurred in defending any Proceeding in advance of its final disposition without requiring any preliminary determination of the ultimate entitlement of Director to indemnification; *provided, however*, the payment of such expenses so incurred by Director in advance of the final disposition of any Proceeding shall be made only upon delivery to the Company of an unsecured undertaking in the form attached hereto as Exhibit A by or on behalf of Director, to repay (without interest) all amounts so advanced if it shall ultimately be determined that Director is not entitled to be indemnified under this Agreement.

(i) **Subrogation**. In the event of payment under this Agreement, the Company shall be subrogated to the extent of such payment to all of the rights of recovery of Director, who shall, at the Company's expense, execute all papers required and take all action necessary to secure such rights, including the execution of such documents necessary to enable the Company effectively to bring suit to enforce such rights.

(j) **No Duplication of Payments**. The Company shall not be liable under this Agreement to make any payment in connection with any Proceeding against Director to the extent Director has otherwise actually received payment (under any insurance policy, contract,

4

Confidential MSM0001397

agreement, the Organizational Documents, or otherwise) of the amounts otherwise indemnifiable hereunder.

(k) **Contribution**. If the indemnification provided in Section 6(b) and the advancement provided in Section 6(h) should under Texas law be unenforceable or insufficient to hold Director harmless in respect of any and all Expenses with respect to any Proceeding, then the Company shall, subject to the provisions of this Section 6(k) and for purposes of this Section 6(k) only, upon written notice from Director, be treated as if it were a party who is or was threatened to be made a party to such Proceeding (if not already a party), and the Company shall contribute to Director the amount of Expenses incurred by Director in such proportion as is appropriate to reflect the relative benefits accruing to the Company and all of its directors, trustees, officers, employees and agents (other than Director) treated as one entity on the one hand, and Director on the other, which arose out of the event(s) underlying such Proceeding, and the relative fault of the Company and all of its directors, trustees, officers, employees and agents (other than Director) treated as one entity on the one hand, and Director on the other, in connection with such event(s), as well as any other relevant equitable considerations.

No provision of this Section 6(k) shall: (i) operate to create a right of contribution in favor of Director if it is judicially determined that, with respect to any Proceeding, Director engaged in willful misconduct or (ii) limit Director's rights to indemnification and advancement of Expenses, whether under this Agreement or otherwise.

The Company hereby waives any right of contribution from Director for Expenses incurred by the Company with respect to any Proceeding in which the Company is or is threatened to be made a party. The Company shall not enter into any settlement of any Proceeding in which the Company is jointly liable with Director (or would be if joined in such Proceeding) unless such settlement provides for a full and final release of all claims asserted against Director and does not contain an admission of wrongdoing by Director.

7. **MISCELLANEOUS**. Director confirms that the execution and performance of this Agreement shall not be in violation of any agreement or obligation (whether or not written) that Director may have with or to any person or entity. In the event Director knows or has reason to know that any of the statements made herein is not true or will not be true in the future, Director shall immediately report such finding to the Company. Director hereby acknowledges and agrees that this Agreement shall be an obligation solely of the Company, and Director shall have no recourse whatsoever against the Company's equity holders or any of their respective affiliates with regard to this Agreement.

8. **INFORMATION**. The Company shall use all reasonable efforts to furnish all data, material, and other information concerning the business, assets, liabilities, operations, cash flows, properties, financial condition and prospects of the Company that Director reasonably requests in connection with his services to be provided to the Company.

9. **EFFECT OF WAIVER**. The waiver by either party of the breach of any provision of this Agreement shall not operate as or be construed as a waiver of any subsequent breach thereof.

Confidential
MSM0001398

10. **GOVERNING LAW**. This Agreement shall be interpreted in accordance with, and the rights of the parties hereto shall be determined by, the laws of the state of Texas without reference to its conflicts of laws principles.

11. **ASSIGNMENT**. The rights and benefits of the Company under this Agreement shall not be transferable except by operation of law without Director's consent, and all the covenants and agreements hereunder shall inure to the benefit of, and be enforceable by or against, its successors and assigns. The duties and obligations of Director under this Agreement are personal and therefore Director may not assign any right or duty under this Agreement without the prior written consent of the Company.

12. **BINDING EFFECT; SUCCESSORS AND ASSIGNS**. This Agreement shall be binding upon and inure to the benefit of and be enforceable by each of the parties hereto and their respective successors, assigns (including any direct or indirect successor by purchase, merger, consolidation or otherwise to all or substantially all of the business or assets of the Company), heirs and personal legal representatives. The Company shall require and cause any successor (whether direct or indirect, and whether by purchase, merger, consolidation or otherwise) to all, substantially all, or a substantial part, of the business or assets of the Company, by written agreement in form and substance reasonably satisfactory to Director, expressly to assume and agree to perform this Agreement in the same manner and to the same extent that the Company would be required to perform if no such succession had taken place.

13. **SEVERABILITY; HEADINGS**. If any provision of this Agreement is held by a court of competent jurisdiction to be invalid as applied to any fact or circumstance, it shall be modified by the minimum amount necessary to render it valid, and any such invalidity shall not affect any other provision, or the same provision as applied to any other fact or circumstance. The headings used in this Agreement are for convenience only and shall not be construed to limit or define the scope of any Section or provision.

14. **COUNTERPARTS; AMENDMENT.** This Agreement may be executed in one or more counterparts, each of which shall be considered one and the same agreement. No amendment to this Agreement shall be effective unless in writing signed by each of the parties hereto.

Confidential  MSM0001399

The parties hereto have caused this Agreement to be executed on the date first above written.

**COMPANY**

By: _____
Name:
Title:

**DIRECTOR**

By: _____
Name: Gary Broadbent
Title: Sole Member and President

7

Confidential                                                                                                                    MSM0001400

## EXHIBIT A

### Undertaking to Repay

    The undersigned hereby acknowledges his undertaking to repay any amounts advanced to him by [    ] under Section 6(h) of the Director Agreement between him and [Merit Street Media] (the "Agreement") in connection with [name of proceeding] (the "Proceeding"), if it is ultimately determined that he is not entitled to be indemnified with respect to the Proceeding under the Agreement.

Dated:_____               _____

                                                                                          Gary Broadbent

Confidential        MSM0001401